## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ZAC FRANCIS,** | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others* | ) | JUDGE |
| *similarly situated,* | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | *(Jury Demand Endorse Hereon)* |
| **HARD ROCK CAFE** | ) | |
| **INTERNATIONAL (STP), INC.** | ) | |
| c/o Statutory Agent | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |

Plaintiff Zac Francis, on behalf of himself and all others similarly situated, for his Class and Collective Action Complaint against Defendant Hard Rock Cafe International (STP), Inc. (hereinafter also referred to as "Defendant"), states and alleges the following:

## INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least the applicable minimum wage for all hours worked. 29 U.S.C. § 206. Ohio constitutional law further required the payment of minimum wage and contained other compensation requirements and/or penalties. *See* Ohio Const. Article II, Section 34a.

2.     Plaintiff brings this case to challenge the practices and policies of Defendant that willfully violate the FLSA, 29 U.S.C. §§ 201-219, as well as the Constitution of the State of Ohio, Article II, Section 34a.

3.     Plaintiff brings this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated… [who] gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" – on behalf of himself and other employees who opt-into this action under the FLSA ("Opt-In Plaintiffs"), **COUNT ONE** of this Complaint.

4.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under Article II, Section 34a of the Ohio Constitution (the "State Law Class"), **COUNT TWO** of this Complaint.

5.     Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class now seek to exercise their rights to unlawfully unpaid minimum wages and additional statutory liquidated damages in this matter, other penalties and compensation available under federal and Ohio law, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.     This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

8.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

9.     Plaintiff Zac Francis is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Zac Francis has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

10.     Defendant Hard Rock Cafe International (STP), Inc. is a New York for-profit corporation with, according to records maintained by the New York Secretary of State, a "Chief Executive Officer" and "Principal Executive Office" address at 5701 Stirling Road, Davie, Florida, United States, 33314. According to records maintained by the Ohio Secretary of State, Defendant Hard Rock Cafe International (STP), Inc.'s Ohio Statutory Agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

11.     Defendant owns and operates a casino, the Hard Rock Casino Cincinnati, and related restaurants and bars in Ohio.

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/988910 (last accessed Nov. 17, 2023).

12.     Defendant is an "employer" of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Const. Article II, Section 34a.

13.     Defendant utilizes non-exempt employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class, in furtherance of its business purposes.

14.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's, other Opt-In Plaintiffs,' and State Law Class Members'**
**Non-Exempt Employment Statuses with Defendant**

17.     Plaintiff Zac Francis has been employed by Defendant since approximately January 2023 as a non-exempt server. He is paid an hourly rate by Defendant that is less than the federal minimum wage rate and less than the Ohio minimum wage rate.

18.     Throughout his employment, Defendant classified and paid Plaintiff, as well as other Opt-In Plaintiffs, and members of the State Law Class, as non-exempt employees.

19.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Const. Article II, Section 34a.

20.     At all times relevant, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206.

<u>**The FLSA and Ohio Law's Minimum Wage**</u>
<u>**and Tip/Tip Credit Requirements**</u>

21.     The FLSA incorporates state minimum wage laws when they include a higher

minimum wage than the FLSA. 29 U.S.C. § 206. The Ohio Constitution, for example, provides

the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an

employee less than, but not less than half, the minimum wage rate required by this section if the

employer is able to demonstrate that the employee receives tips that combined with the wages

paid by the employer are equal to or greater than the minimum wage rate for all hours worked."

Ohio Const. Article II, Section 34a.

22.     Ohio's minimum wage, and therefore the FLSA minimum wage applicable to

Ohio workers, is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for

tipped employees was $4.35 per hour plus tips totaling at least $8.70 per hour in 2020,[2] $4.40 per

hour plus tips totaling at least $8.80 per hour in 2021,[3] $4.65 per hour plus tips totaling at least

$9.30 per hour in 2022,[4]and is $5.05 per hour plus tips totaling at least $10.10 per hour in 2023.[5]

23.     The tip-credit provisions of the FLSA allow employers to pay less than the

statutory minimum wage provided that the employer complies with strict requirements.

24.     29 C.F.R. § 531.56(e), the "dual jobs" regulation, explains how workers who

engage in both tipped and non-tipped work are to be compensated as required by Sections 3(m)

and 3(t) of the FLSA. The "dual jobs" regulation states:

---

[2] https://com.ohio.gov/documents/dico_2020MinimumWageposter.pdf (last accessed Nov. 17, 2023).
[3] https://com.ohio.gov/documents/dico_2021MinimumWageposter.pdf (last accessed Nov. 17, 2023).
[4] https://com.ohio.gov/about-us/media-center/news/minimum-wage-increase-announced (last accessed Nov. 17, 2023).
[5] https://com.ohio.gov/static/documents/2023MWPoster.pdf (last accessed Nov. 17, 2023).

In some situations an employee is employed in dual jobs, as, for example, where a maintenance person in a hotel also works as a server. In such a situation if the employee customarily and regularly receives at least $30 a month in tips for the employee's work as a server, the employee is engaged in a tipped occupation only when employed as a server. The employee is employed in two occupations, and no tip credit can be taken for the employee's hours of employment in the occupation of maintenance person.

25.     29 C.F.R. § 531.56(f) applies to employees "[e]ngaged in a tipped occupation." § 531.56(f) was intended to address situations, as described in the Federal Register,[6] where workers were "required to perform non-tipped work for substantial amounts of time, such as filling condiments and sweeping an assigned section of the restaurant for 30-45 minutes before and after the restaurant is open, rolling silverware for an hour after a long shift, or moving chairs to and from an outdoor patio for an hour before and an hour after service."

26.     29 C.F.R. § 531.56(f)(5), addressing situations where an employer is not permitted to take a tip credit as a result of a tipped employee performing work that is not part of the tipped occupation, provides:

(i) Work that is not part of the tipped occupation is any work that does not provide service to customers for which tipped employees receive tips, and does not directly support tip-producing work. **If a tipped employee is required to perform work that is not part of the employee's tipped occupation, the employer may not take a tip credit for that time** [emphasis added].

(ii) Examples: The following examples illustrate work that is not part of the tipped occupation because the work does not provide service to customers for which tipped employees receive tips, and does not directly support tip-producing work. **This list is illustrative and is not exhaustive** [emphasis added]. Preparing food, including salads, and cleaning the kitchen or bathrooms, is not part of the tipped occupation of a server. Cleaning the dining room or bathroom is not part of the tipped occupation of a bartender…. Cleaning the dining room and bathrooms is not part of the tipped occupation of a service bartender…. Cleaning the kitchen or bathrooms is not part of the tipped occupation of a busser….

---

[6] https://www.federalregister.gov/documents/2021/10/29/2021-23446/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last accessed Nov. 17, 2023).

27.     29 C.F.R. § 531.56(f)(4), addressing situations where an employer is not

permitted to take a tip credit as a result of a tipped employee performing supporting but not tip-

producing work, provides:

> ***Substantial amount of time.*** An employer can take a tip credit for the time a tipped
> employee spends performing work that is not tip-producing, but directly supports
> tip-producing work, **provided that the employee does not perform that work for
> a substantial amount of time** [emphasis added]. For the purposes of this section,
> an employee has performed work for a substantial amount of time if:
>
> > (i) The directly supporting work exceeds a 20 percent workweek tolerance,
> > which is calculated by determining 20 percent of the hours in the workweek
> > for which the employer has taken a tip credit. The employer cannot take a
> > tip credit for any time spent on directly supporting work that exceeds the 20
> > percent tolerance. Time for which an employer does not take a tip credit is
> > excluded in calculating the 20 percent tolerance; or
> >
> > (ii) For any continuous period of time, the directly supporting work exceeds
> > 30 minutes. If a tipped employee performs directly supporting work for a
> > continuous period of time that exceeds 30 minutes, the employer cannot
> > take a tip credit for any time that exceeds 30 minutes….

### Defendant's Impermissible Tip Credit Policies and Practices

28.     Defendant compensated Plaintiff, other Opt-In Plaintiffs, and members of the

State Law Class as tipped employees during Plaintiff's, other Opt-In Plaintiffs,' and members of

the State Law Class's employments; Defendant paid Plaintiff, other Opt-In Plaintiffs, and

members of the State Law Class less than the statutory minimum hourly wage, a sub-minimum

wage, and took a "tip credit" against Defendant's minimum wage obligations.

29.     As outlined above, however, Defendant was prohibited from taking a tip credit

when (1) their tipped employees performed work that is not part of the employee's tipped

occupation, (2) their tipped employees performed work that is directly supporting work but non-

tipped work when the employees' time performing these tasks exceeded twenty percent of their

tipped employees' time worked during a workweek, and (3) their tipped employees performed

7

non-tipped but directly supporting work for a continuous period of time that exceeds 30 minutes during a workweek.

30.     Despite these requirements, Defendant violated the FLSA and Ohio law,[7] and was thus not permitted to take a tip credit, because of all four reasons outlined in the above paragraph as further detailed below.

31.     Defendant requires Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to arrive at their place of employment – Defendant's restaurants and bars – at least one (1) hour prior to a restaurant/bar opening time.  During this time, there are no customers and no ability to perform tip producing work.

32.     The requirement of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to work prior to Defendant's restaurants opening, and after the restaurants closing, when there are similarly no customers, was both mandatory and required to perform "work that is not part of the tipped occupation," as well as nontipped but "directly supporting work" for a "substantial amount of time," as those terms are used in the FLSA, 29 C.F.R. § 531.56. Similar violations occurred during the middle of the shifts when the were periods of time without customers.

33.     During the required pre-shift times, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class did not perform customer facing duties. Instead, Defendant required Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to perform work that included, but was not limited to: stocking glasses; stocking plates; stocking condiments; folding

---

[7] "Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions." *Hurt v. Commerce Energy, Inc.,* N.D.Ohio No. 1:12-CV-758, 2017 U.S. Dist. LEXIS 128850, at *3-5 (Aug. 14, 2017), fn. 9; Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02-.03.

linens; brewing coffee and tea; polishing silverware, filling salt and shakers, grabbing ice and fruit for the bar, putting silverware on tables, and attending a 15-minute pre-shift meeting.

34. Defendant's tipped employee minimum wage practices and policies violated the FLSA and Ohio law in several ways, as outlined below.

35. ***First***, during the required pre-opening time, as outlined above, as well as during their shifts and after the restaurant closed at the end of their shifts, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were required to perform tasks that the DOL has identified as "[w]ork that is not part of the tipped occupation." Pursuant to DOL regulations that have the force of law, "[w]ork that is not part of the tipped occupation is any work that does not provide service to customers for which tipped employees receive tips, and does not directly support tip-producing work." As provided by 29 C.F.R. § 531.56(f)(5), for such work that a "tipped employee is required to perform [] that is not part of the employee's tipped occupation, the employer may not take a tip credit for that time."

36. Although the FLSA permits employers to take a tip credit against their minimum wage obligations for employees who customarily and regularly receive tips, Defendant was prohibited from taking a tip credit when tipped employees performed work that is not part of the tipped occupation. Though Defendant was prohibited from taking a tip credit against their minimum wage obligations for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class when these employees performed work that is not part of the tipped occupation, including but not limited to the tasks described in ¶ 33 above, Defendant, in violation of the FLSA, 29 U.S.C. §§ 203(m), 206, and Ohio law, unlawfully took a tip credit against their minimum wage obligations to the detriment of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class.

37.     **Second**, Defendant's utilization of the tip credit provisions of the FLSA and Ohio law for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class when these employees performed non-tipped, but "directly supporting work," exceeding twenty percent of their weekly time worked violates the FLSA and regulations thereunder that have the force of law, including 29 C.F.R. § 531.56(f)(4)(i). Regularly, in one or more workweeks during their employments, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were required to performed non-tipped, but "directly supporting work," exceeding twenty percent of their weekly time worked, for a "substantial amount of time." *Id.*

38.     Although the FLSA permits employers to take a tip credit against their minimum wage obligations for employees who customarily and regularly receive tips, Defendant was prohibited from taking a tip credit when tipped employees performed non-tipped, but "directly supporting work," exceeding twenty percent of their weekly time worked. Though Defendant was prohibited from taking a tip credit against their minimum wage obligations for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class when these employees performed non-tipped, but "directly supporting work," exceeding twenty percent of their weekly time worked, including but not limited to when performing the tasks described in ¶ 33 above, Defendant, in violation of the FLSA, 29 U.S.C. §§ 203(m), 206, and Ohio law, unlawfully took a tip credit against their minimum wage obligations to the detriment of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class.

39.     **Third**, Defendant's utilization of the tip credit provisions of the FLSA and Ohio law for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class when these employees performed non-tipped, but "directly supporting work," for any continuous period of time exceeding 30 minutes violates the FLSA and regulations thereunder that have the force of

10

law, including 29 C.F.R. § 531.56(f)(4)(ii). Regularly, during one or more workweeks during their employments, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were required to performed non-tipped but "directly supporting work" for continuous periods of time exceeding 30 minutes, by way of example, when Defendant required them to arrive at Defendant's restaurants and start performing side work at least one (1) hour before Defendant's restaurants opened to customers, after Defendant's restaurants closed to customers, and during the workday when no customers were present.

40.     Although the FLSA permits employers to take a tip credit against their minimum wage obligations for employees who customarily and regularly receive tips, Defendant was prohibited from taking a tip credit when tipped employees performed non-tipped but "directly supporting work" for continuous periods of time exceeding 30 minutes. Though Defendant was prohibited from taking a tip credit against their minimum wage obligations for Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class when these employees performed non-tipped but "directly supporting work" for continuous periods of time exceeding 30 minutes, including but not limited to when performing the tasks described in ¶ 33 above, Defendant, in violation of the FLSA, 29 U.S.C. §§ 203(m), 206, and Ohio law, unlawfully took a tip credit against their minimum wage obligations to the detriment of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class.

41.     As a result of Defendant's unlawful and willful tipped employee minimum wage practices and policies, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to the non-tipped employee full minimum wage plus tips for every hour of work that they performed for Defendant during the statutory period, or the difference between $8.70 per hour in 2020, $8.80 per hour in 2021, $9.30 per hour in 2022, and $10.10 per hour in 2023, and

the wage paid by Defendant. Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage rate paid for each hour they worked for Defendant.

42.     In addition, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to automatic triple damages for Defendant's minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

43.     The manner in which Defendant set up its time payment practices and policies were done in such a way as to inherently require their tipped employees to perform side work, as well as perform work that is not part of the tipped occupation, in order to substantially reduce labor costs – work that should have been paid at full minimum wage or performed by non-tipped employees who earned at least the minimum wage when performing such work. Defendant's practices and policies were antithetical to the tip credit provisions of the FLSA, Ohio law, and regulations thereunder that have the force of law, the same practices and policies discussed in the Federal Register where tipped employees were required to spend substantial periods of time – while receiving a fraction of minimum wage – performing tasks that do not generate tips.[8]

44.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level. Defendant's policies with respect to the nonpayment of minimum wages resulted from knowing or reckless executive decisions. Defendant, through its supervisors and managers, personally knew that Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were performing "work that is not part of the tipped occupation," as well as side work, for significant continuous periods of time before, as well as during, and as well as for significant continuous periods of time after, their restaurants opening

_____

[8] *See* https://www.federalregister.gov/documents/2021/10/29/2021-23446/tip-regulations-under-the-fair-labor-standards-act-flsa-partial-withdrawal (last accessed Nov. 17, 2023).

times for which these employees were not paid full minimum wages, as a result of Defendant's tipped employee scheduling and restaurants opening/closing times policies, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA and Defendant lacked a good faith basis for their actions. Defendant knew about the minimum wage requirements of the FLSA and Ohio law or acted in reckless disregard as to Defendant's obligations under the FLSA and Ohio law.

### Defendant's Failure to Pay for All Hours Worked

45.     Defendant failed to pay Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours worked, resulting in additional minimum wage violations.

46.     Upon information and belief, Defendant deducted (or simply did not compensate for) thirty (30) minutes per day from Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's compensable hours for a "meal period" or "meal break" for shifts when these workers worked six (6) hours or more. However, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class regularly did not receive a meal break, and/or otherwise were unable to take meal break of thirty (30) minutes. Upon information and belief, Defendant does not have an established policy and/or practice for reporting missed or otherwise untaken meal breaks.

47.     Defendant knew or had reason to know that Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's meal breaks were either missed, and/or otherwise not taken. Defendant also knew or had reason to know that they were not compensating Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class for all hours worked, including at the required applicable minimum wage rate, when they deducted for meal breaks.

48.     As a result of Defendant's policy and/or practice to require a 30-minute meal break deduction from Plaintiff's, other Opt-In Plaintiffs,' and members of the State Law Class's

compensable hours worked for meal breaks that were not taken, Defendant knew or had reason

to know they were not compensating Plaintiff, other Opt-In Plaintiffs, and members of the State

Law Class for all hours worked.

49.     Defendant's failure to compensate Plaintiff, other Opt-In Plaintiffs, and members

of the State Law Class for all hours worked constitutes a knowing and willful violation of the

FLSA, 29 U.S.C. § 206, as well as the Constitution of the State of Ohio, Article II, Section 34a.

## The Willfulness of Defendant's Violations

50.     In addition to the above allegations demonstrating the willfulness of Defendant's

wage violations as provided for above, Defendant knew that Plaintiff, other Opt-In Plaintiffs, and

members of the State Law Class were entitled to minimum wages under federal and state law or

acted in reckless disregard for whether they were so entitled.

51.     By denying Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class

minimum wages as required by the FLSA and Ohio law, Defendant's acts were not based upon

good faith. Through legal counsel as well as industry experience and custom, Defendant

possessed ample access to the regulations and statutory provisions requiring the proper and

prompt payment of minimum wages under federal and Ohio law, as recited in this Complaint,

but either failed to seek out such information and guidance or did seek out the information and

guidance but failed to adhere to the principles of compliance as required. Defendant therefore

knew about the minimum wage requirements of the FLSA and Ohio law, or acted in reckless

disregard as to Defendant's obligations under these laws.

52.     Moreover, Defendant's minimum wage obligations under the FLSA and Ohio law

were clearly known by Defendant, but nonetheless willfully and intentionally disregarded. For

example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to

14

4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting (applicable to 2023, by way of example) includes the language: "*TIPPED EMPLOYEES*… A Minimum Wage of $5.05 per hour PLUS TIPS… 'Tipped Employees' includes any employee who engages in an occupation in which he/she customarily and regularly receives more than thirty dollars ($30.00) per month in tips. Employers electing to use the tip credit provision must be able to show that tipped employees receive at least the minimum wage when direct or cash wages and the tip credit amount are combined."[9]  Similarly, the FLSA, 29 C.F.R. § 516.4, also required Defendant to inform their employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class, of the tip credit and minimum wage provisions of the FLSA. *Id.* ("Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act … in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy.")

53.     Defendant therefore knew about the minimum wage requirements of the FLSA and Ohio law, or acted in reckless disregard for whether Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were entitled to minimum wages and/or tips.

54.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

---

[9] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Nov. 17, 2023).

55. Plaintiff and other Opt-In Plaintiffs are therefore entitled to liquidated damages equal to the amount of all unpaid minimum wages, pursuant to 29 U.S.C. § 260.

56. Plaintiff and other Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class, are also entitled to damages in the amount of their unpaid minimum wages, as well as additional damages as required by Art. II, Sec. 34a of the Ohio Constitution in an additional amount equal to two times the amount of unpaid minimum wages, regardless of whether Defendant's failure to pay minimum wages were willful and/or are entitled to a defense based on good faith.

57. The above payroll practices resulted in knowing and willful minimum wage and tip violations of the FLSA, 29 U.S.C. §§ 201-219; Ohio Const. Art. II, § 34a; and resulted in the unlawful deprivation of minimum wages and tips to the benefit of Defendant and to the detriment of Defendant's employees, including Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class .

### FLSA COLLECTIVE
### MINIMUM WAGE ALLEGATIONS
### (As to COUNT ONE)

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this case under the FLSA, 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

60. Plaintiff brings this case on behalf of himself and a group of employees of Defendant (referred to herein as the "Opt-In Plaintiffs") who assert claims under the minimum

wage provisions of the FLSA, 29 U.S.C. § 201, *et seq.* The potential "Opt-In Plaintiffs" who are "similarly situated" to Plaintiff with respect to Defendant's FLSA minimum wage violations include:

> **All current and former tipped employees (including but not limited to servers, bartenders, and other employees with similar job titles and/or positions) employed at a casino of Defendant during the period of three years preceding the commencement of this action for whom Defendant took a tip credit. [10] [11]**

61.     Such persons are "similarly situated" with respect to Defendant's FLSA minimum wage violations, as to the collective group of employees identified above, in that all were non-exempt tipped employees of Defendant for whom Defendant took a tip credit, all were subjected to and injured by Defendant's unlawful practice of failing to pay minimum wage for all hours worked, and all have the same claims against Defendant for unpaid minimum wages as well as for liquidated damages, attorneys' fees, and costs.

62.     Plaintiff and potential Opt-In Plaintiffs, having willfully been not paid at least the federal and Ohio minimum wage for all hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 206.

63.     Plaintiff and other potential Opt-In Plaintiffs are similarly situated because, among other reasons, Plaintiff, as well as the other potential Opt-In Plaintiffs, are owed approximately hundreds to thousands of hours when working for Defendant and for Defendant's

---

[10] The FLSA Collective excludes those individuals who opt into *White, et, al, v. Hard Rock Cafe International (Stp), Inc., et. al,* No. 1:22cv4224 (N.D. Georgia), by filing a consent to join that lawsuit.

[11] Plaintiff respectfully reserves the right to amend and refine the definition of the Opt-In Plaintiffs group members they seek to have the Court serve notice based upon further investigation and discovery.

benefit for which they were not paid minimum wage as a result of Defendant's unlawful tip credit policies, and practices in conformity with these policies.

64.     Plaintiff and potential Opt-In Plaintiffs have been similarly affected by the FLSA minimum wage violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal and Ohio minimum wages.

65.     Plaintiff and potential Opt-In Plaintiffs have been damaged by Defendant's willful refusal to pay at least the federal and Ohio minimum wage for all hours worked. As a result of Defendant's willful FLSA violations, each Plaintiff and potential Opt-In Plaintiffs are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, interest, and attorneys' fees.

66.     Throughout his employment with Defendant, Plaintiff was subjected to the same tip credit and payroll policies and practices by Defendant that other potential Opt-In Plaintiffs were subjected to.

67.     Plaintiff is similarly situated to potential Opt-In Plaintiffs and will prosecute this action vigorously on their behalf.

68.     Plaintiff is entitled to send notice to all potential Opt-In Plaintiffs pursuant to Section 216(b) of the FLSA. Identification of potential Opt-In Plaintiffs is readily available from the timekeeping and compensation records, including scheduling, timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

69.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

70.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential Opt-In Plaintiffs is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, inter alia, whether Defendant satisfied the FLSA's and Ohio law's requirements for payment of all statutory minimum wages.

71.     The precise size and identity of the group of potential Opt-In Plaintiffs are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA and Ohio law. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential Opt-In Plaintiffs consist of approximately one hundred or more persons.

## OHIO CLASS ACTION ALLEGATIONS
### (As to COUNT TWO)

72.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

73.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a group of employees of Defendant who assert claims under Art. II, § 34a of the Ohio Constitution (referred to herein as the "State Law Class"), defined as:

> **All current and former tipped employees (including but not limited to servers, bartenders, and other employees with similar job titles and/or positions) of Defendant in Ohio during the period of three years preceding the commencement of this action for whom Defendant took a tip credit.**

74.     There are questions of law or fact common to the State Law Class, including but not limited to:

> Whether Defendant's conduct as described above violates Ohio Constitutional law governing payment of minimum wages;

> Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid minimum wages for all hours worked;

> Whether Defendant denied Plaintiff and other members of the State Law Class minimum wages by, among other things, taking a tip credit when Defendant was not permitted to do so; and

> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay minimum wages owed when the minimum wages were required to be paid.

75.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

76.     The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

77.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage and hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

78.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liabilities to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

79.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**<u>COUNT ONE</u>**
**(FLSA Minimum Wage Violations)**
***On Behalf of Plaintiff and other Opt-In Plaintiffs who***
***Join this Action Pursuant to 29 U.S.C. § 216(b)***

80.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81.     Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and other Opt-In Plaintiffs who join this case pursuant to 29 U.S.C. § 216(b).

82.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform, 29 U.S.C. § 206.

83.     Defendant failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff and other Opt-In Plaintiffs less than the applicable minimum wage for hours worked during one or more workweeks.

84.     Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including by refusing and/or failing to calculate and pay Plaintiff's and other Opt-In Plaintiffs' minimum wages as required by federal law. 29 U.S.C. § 203, 206.

85.     Defendant's unlawful conduct directly and proximately caused Plaintiff and other Opt-In Plaintiffs to suffer damages for which they are entitled to judgment.

86.     Defendant's violations have been willful and/or in reckless disregard of Plaintiff's and other Opt-In Plaintiffs' rights, and entitle Plaintiff and other Opt-In Plaintiffs to liquidated damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT TWO
**(Ohio Constitution Minimum Wage Violations)**
*On Behalf of Plaintiff, other Opt-In Plaintiffs,*
*and State Law Class Members*

87.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

88.     Plaintiff brings this claim for violation of the Ohio's Constitutional minimum wage provisions contained within Art. II, Sec. 34a of the Ohio Constitution on behalf of himself and other Opt-In Plaintiffs and State Law Class members.

89. The Ohio Constitution requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform.

90. Based on the improper practices and policies described herein, Defendant failed to comply with the requirements of the Ohio Constitution by paying employees less than the applicable minimum wage rate.

91. Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including by refusing and/or failing to calculate and pay Plaintiff's other Opt-In Plaintiffs,' and State Law Class members' minimum wages as required by the Ohio Constitution.

92. Defendant's unlawful conduct directly and proximately caused Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to suffer damages for which they are entitled to judgment.

93. Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class are entitled to "equitable and monetary relief," including "two times the amount of the back wages," or triple damages, for Defendant's minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.


[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, other Opt-In Plaintiffs, and members of

the State Law Class, respectfully prays that this Honorable Court:

A.     Promptly order Defendant to provide all scheduling, payroll, timekeeping, and other relevant records necessary to determine similarly situated individuals;

B.     Prompt issuance of Court-approved notice to similarly-situated persons informing them of this action and enabling them to opt in;

C.     Tolling of the statute of limitations, *freely*, as to all would-be Opt-In Plaintiffs to the date this matter was initially filed,[12]

D.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class, who seek recovery under Ohio Const. Art. II, § 34a;

E.     Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

F.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and Ohio law in the amount of their unpaid minimum wages, as well as liquidated damages in an equal amount, in addition to penalty damages as applicable;

G.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of their unpaid minimum wages, as well as additional automatic damages as required by Art. II, Sec. 34a of the Ohio Constitution in an amount equal to two times the amount of unpaid minimum wages;

H.     Designation of Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

I.     Award Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

---

[12] *Clark v. A&L Homecare & Training Ctr., LLC,* 68 F.4th 1003, 1017 (6th Cir.2023) (holding, by majority concurrence, that "given the court's new standard, district courts should freely grant equitable tolling to would-be opt-in plaintiffs.")

J.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221     F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Matthew S. Grimsley (0092942)
**THE LAZZARO LAW FIRM, LLC**
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

Don J. Foty (Texas Bar No. 24050022)
(will apply for admission *pro hac vice*)
**HODGES & FOTY, LLP**
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Telephone:  713-523-0001
Facsimile:  713-523-1116
dfoty@hftrialfirm.com

*Attorneys for Plaintiff, Opt-In Plaintiffs, and Putative Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)