## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ZAC FRANCIS,** | ) | **CASE NUMBER: 1:23-CV-00760-TSB** |
| | ) | |
| *Individually and on behalf of all others similarly situated*, | ) | **JUDGE TIMOTHY S. BLACK** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Now comes Defendant Hard Rock Cafe International (STP), Inc., by and through undersigned counsel, and hereby moves, pursuant to FED. R. CIV. P. 12(c), for  judgment on the pleadings as to Plaintiff's claims that Defendant took an impermissible tip credit against Plaintiff's wages (Count One ("FLSA Minimum Wage Violations") and Count Two ("Ohio Constitution Minimum Wage Violations")) to the extent those claims are based on Plaintiff's alleged performance of non-tipped duties.  As articulated in his Complaint, Plaintiff's non-tipped duties theory is solely rooted in the language, terminology, and concepts contained within the now vacated aspects of 29 C.F.R. § 531.56 as otherwise promulgated in December 2021.   Since Plaintiff's non-tip duties theory is incompatible with the now applicable "occupation"-based version of the regulation, judgment in favor of Defendant is warranted as to all claims to the extent they are based on this theory, leaving only Plaintiff's missed meal period theory remaining in this lawsuit.

A Memorandum in Support of this Motion for Partial Judgment on the Pleadings is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ Richard A. Millisor
Richard A. Millisor (0062883)
James M. Patrick (0088026)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, OH 44114
Phone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com


Teresa J. Hardymon (0096721)
Fisher & Phillips LLC
250 West Street, Suite 400
Columbus, OH 43215
Phone: (614) 221-1425
Fax: (614) 221-1409
thardymon@fisherphillips.com


Steven A. Siegel (Fla. Bar No. 497274)
(admitted pro hac vice)
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 847-4724
Facsimile: (954) 525-8739
ssiegel@fisherphillips.com

**Counsel for Defendant**
**Hard Rock Cafe International (STP), Inc.**

FP 52419836.12

**<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS</u>**

**I.      PRELIMINARY STATEMENT**

Here, Plaintiff Zac Francis ("Plaintiff") asserts two claims – a claim for alleged violations of the federal Fair Labor Standards Act's ("FLSA") minimum wage provisions, *see* Compl., ECF No. 1 at PageID 21-22 (¶¶ 80-86), and a claim for alleged violations of the Ohio Constitution's minimum wage provisions, *see* Compl., ECF No. 1 at PageID 22-23 (¶¶ 87-93).  Plaintiff's claims are rooted in two overarching theories: (1) the non-tipped duties theory, *see, e.g.,* Compl., ECF No. 1 at PageID 5-13 (¶¶ 21-44); and (2) the missed meal periods theory, *see, e.g.,* Compl., ECF No. 1 at PageID 13-14 (¶¶ 45-49).  This Motion focuses exclusively on Plaintiff's non-tipped duties theory, which is rooted entirely in the language and terminology used within the now vacated aspects of 29 C.F.R. § 531.56, especially 29 C.F.R. § 531.56(f), as otherwise promulgated in December 2021 (referred to herein as the "Final Rule").  *See Rest. L. Ctr. v. U.S. Dep't of Labor*, 120 F.4th 163, 177 (5th Cir. 2024) (vacating "the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967").  In vacating the Final Rule, the Fifth Circuit held that:

> The Final Rule fails under the Administrative Procedure Act twice over. Because the Final Rule is contrary to the Fair Labor Standards Act's clear statutory text, it is not in accordance with law. And because it imposes a line-drawing regime that Congress did not countenance, it is arbitrary and capricious.

*Id.* at 166.  With the Final Rule vacated, there is no viable basis for Plaintiff's non-tipped duties theory, and Defendant Hard Rock Cafe International (STP), Inc. ("Defendant" or "Hard Rock")[1]

---

[1] As previously noted in Defendant's Answer (ECF No. 12 at PageID 55), Plaintiff misidentifies Hard Rock Cafe International (STP), Inc. as his employer and the named Defendant in this action. However, the correct Defendant and Plaintiff's former employer is Hard Rock Casino Cincinnati, LLC. Although as to the substantive allegations in the Complaint, Defendant is only moving for judgment on the pleadings as to certain theories, the failure to name the proper entity provides a basis for granting judgment on the pleadings for Defendant as to the entire Complaint.

FP 52419836.12

is entitled to judgment on the pleadings as to all counts to the extent they are based on Plaintiff's non-tipped duties theory.

Granting this Motion would leave a narrow dispute concerning the allegation that Defendant failed to pay the required minimum wage stemming from Plaintiff's missed meal periods theory.  This will significantly streamline discovery.  Accordingly, Defendant also requests a stay of discovery, pending resolution of this purely legal issue concerning the viability of Plaintiff's claims.

## II.    RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges FLSA and Ohio minimum wage violations based on the now vacated Final Rule, including the Final Rule's 80/20 rule as well as the Final Rule's 30 continuous minutes rule. *See, e.g.*, Compl., ECF No. 1 at PageID 5-13 (¶¶ 21-44).  Specifically, Plaintiff claims that Defendant violated the FLSA and Ohio law by taking a tip credit when: (1) "tipped employees performed work that is not part of the employee's tipped occupation"; (2) "tipped employees performed work that is directly supporting work but non-tipped work when the employees' time performing these tasks exceeded twenty percent of the[ ] tipped employees' time worked during a workweek"; and (3) "tipped employees performed non-tipped but directly supporting work for a continuous period of time that exceeds 30 minutes during a workweek."  *See* Compl., ECF No. 1 at PageID 7-8 (¶¶ 29-30).

In support of these claims,  Plaintiff alleges that he and other tipped employees were required to perform work that was "not part of the tipped occupation" and nontipped but "directly supporting work" for a "substantial amount of time" before, during, and after their shifts, which alleged tasks included "stocking glasses; stocking plates; stocking condiments; folding linens; brewing coffee and tea; polishing silverware, filling salt and shakers, grabbing ice and fruit for the

2

bar, putting silverware on tables, and attending a 15-minute pre-shift meeting[].” *See* Compl., ECF No. 1 at PageID 7-11 (¶¶ 29-40).  With respect to the pre- and post-shift period (as well as for certain periods during the shift), Plaintiff alleges that there are no customers present and therefore, no ability to perform tip producing work, which makes the performance of these types of tasks “work that is not part of the tipped occupation” under the Final Rule.  *See* Compl., ECF No. 1 at PageID 8-9 (¶¶ 31-33, 35-36).   Further, Plaintiff alleges that the performance of these types of tasks constituted non-tip producing, but directly supporting work that was performed for more than twenty percent of their weekly time worked and/or for more than thirty continuous minutes, both of which constituted a substantial amount of time as set forth in the Final Rule.  *See* Compl., ECF No. 1 at PageID 8-11 (¶¶ 31-33, 37-40).

As to the non-tipped duties theory, Plaintiff’s Complaint is rooted in the language, terminology, and concepts contained within the Final Rule, essentially claiming that Defendant violated the Final Rule.   However, as a result of the Fifth Circuit’s recent decision in *Restaurant Law Center v. United States Department of Labor* whereby the Fifth Circuit vacated “the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967,” Plaintiff’s non-tipped duties theory has been annulled, requiring this Court to dismiss his claims to the extent they rest on that theory.

## III.  ARGUMENT

### A.  Judgment on the Pleadings Standard

“After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.” FED. R. CIV. P. 12(c).  As the Sixth Circuit has summarized:

> For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  But we need not accept as true legal conclusions or unwarranted factual

3

inferences.  A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.

*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (internal citations and quotation marks omitted).  The Sixth Circuit has also noted that:

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6).  A court evaluating that type of motion thus must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (internal citations omitted).

**B.      When the Final Rule was Vacated by the Fifth Circuit so to was the Basis for Plaintiff's Non-Tipped Duties Theory.**

Plaintiff's non-tipped duties theory, which theory can be broken down into three separate concepts, are all rooted in the now vacated aspects of the Final Rule, especially 29 C.F.R. § 531.56(f); however, with the Final Rule vacated, Plaintiff's non-tipped duties theory is legally unsupported.

1.      *The History of 29 C.F.R. § 531.56(e)-(f) and the Fifth Circuit's Decision Vacating the Final Rule.*

Under the FLSA, employers are permitted to take a tip credit in conjunction with the payment of wages to a "tipped employee."  29 U.S.C. § 203(m)(2)(A).  A "tipped employee" is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t).  The question posed here is when does the performance of non-tipped duties transform a tipped employee for whom a tip credit can be taken into a non-tipped employee for whom a tip credit cannot be taken.  The plain language of the FLSA, as demonstrated by the Fifth Circuit's *Restaurant Law Center* decision vacating the Final Rule, undermines Plaintiff's non-tipped duties theory.

4

"The tip credit has long been the subject of interpretation by DOL." *Rest. L. Ctr.*, 120 F.4th at 166.  One area of interpretation has revolved around the concept of dual jobs.  As initially promulgated in September 1967, the Dual Jobs regulation stated:

> (e) Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $20 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e) (effective Sept. 28, 1967 to May 4, 2011).  As summarized by the Fifth Circuit:

> In 1967, the year after Congress amended the FLSA to include the tip credit, DOL issued its "dual-jobs" regulation, ***which addressed situations where an employee regularly engages in <u>distinct</u> occupations for the same employer***.  For example, "where a maintenance man in a hotel also serves as a waiter," that employee "is a tipped employee only with respect to his employment as a waiter.  He is employed in two occupations."  29 C.F.R. § 531.56(e) (1967-2021).  The regulation contrasted this example with that of "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses."  For the latter employee, "[s]uch related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips."

*Rest. L. Ctr.*, 120 F.4th at 166-167 (emphasis added).  Notably, the only substantive change to the dual jobs section of the regulation from 1967 through December 27, 2021, was a revision from "$20 a month in tips" to "$30 a month in tips," which became effective on May 5, 2011.

During that same period, however, the DOL began restricting the availability of the tip credit through other means, including through opinion letters and other sub-regulatory guidance. The Fifth Circuit summarized this development as follows:

5

DOL issued several opinion letters from 1979 to 1985 interpreting the dual-jobs regulation to more significantly restrict the tip credit's availability. In 1988, DOL published its so-called 80/20 guidance in its sub-regulatory Field Operations Handbook. The 80/20 guidance provided that a maximum of 20 percent of an employee's time could be spent on non-tipped activities related to the tipped occupation – for example, a waitress setting tables or making coffee – for the employer to claim the full tip credit.

DOL's 80/20 guidance persisted uninterrupted until 2009, when DOL's interpretation of the dual-jobs regulation began to oscillate with every change in presidential administration. First, in early 2009, a DOL opinion letter briefly rescinded the guidance. This opinion letter, in turn, was quickly withdrawn in the early days of the Obama Administration. Then, in 2018, the Trump Administration reissued the 2009 opinion letter, thereby doing away with the 80/20 guidance once again. And in 2020, DOL issued a final rule set to take effect in March 2021 that would have amended 29 C.F.R. § 531.56(e). This rule would have permitted employers to claim the tip credit for all non-tipped duties that its tipped employees performed, so long as those duties were related to the employee's tipped occupation and were performed reasonably contemporaneously with tipped duties. But the rule never took effect.

*Id.* at 167 (internal citations omitted).

Moreover, in place of the 2020 revision to 29 C.F.R. § 531.56(e), which never took effect, the DOL issued the Final Rule that is at the heart of this case (and that was vacated by the Fifth Circuit). Notably, the Final Rule revised subsection (e) on dual jobs and added a new, lengthy subsection (f), which includes all of the "rules" and concepts (*e.g.*, the 80/20 rule, the 30 continuous minute rule, "directly supporting work," and "[w]ork that is not part of the tipped occupation") that form the basis of Plaintiff's Complaint. *See, e.g.,* Compl., ECF No. 1 at PageID 5-11 (¶¶ 24-40). Again, the Fifth Circuit summarized the development of, and the changes made by, the Final Rule as follows:

Instead, another change in presidential administration swept in another change in DOL policy. In December 2021, DOL issued a different final rule after notice and comment that effectively codified its longstanding 80/20 guidance. The Final Rule added a new subsection (f) to 29 C.F.R. § 531.56, explaining what it means to be "engaged in a tipped occupation" under 29 U.S.C. § 203(t). Notably, "tipped occupation" is not a term used in § 203(t) of the FLSA. According to the Final Rule, an employee is "engaged in a tipped occupation when the employee performs

6

work that is part of the tipped occupation."  29 C.F.R. § 531.56(f) (2021). Therefore, "[a]n employer may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation." *Id.*

The Final Rule then proceeds to define three categories of work: (1) directly tip-producing work (e.g., a server "providing table service"); (2) directly supporting work (e.g., a server "setting and bussing tables"); and (3) work not part of the tipped occupation (e.g., a server "preparing food"). *Id.* An employer may take the tip credit for tip-producing work. But if more than 20 percent of an employee's workweek is spent on directly supporting work, the employer cannot claim the tip credit for that excess. Nor can directly supporting work be performed for more than 30 minutes at any given time. An employer may not take the tip credit for any time spent on work not part of the tipped occupation. In addition, the Final Rule amended the 1967 dual-jobs regulation to omit the counterexample of a waitress engaging in duties related to her occupation. *Compare* 29 C.F.R. § 531.56(e) (2021) *with id.* (1967-2021).

*Rest. L. Ctr.*, 120 F.4th at 167-168.  Rather than focusing on the occupation (or job) as a whole, the Final Rule departed from the 1967 rule in focusing on the tip producing nature of each individual task or duty performed by an employee.  Specifically, the Final Rule removed the clarifying language in the 1967 rule indicating that "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" would remain a "tipped employee" and would not be engaged in dual jobs, unlike, for example, a hotel maintenance worker who also worked as a server.  *Compare* 29 C.F.R. 531.56(e) (1967-2021) *with* 29 C.F.R. 531.56(e) (2021).

Following the filing of Plaintiff's Complaint, however, the Fifth Circuit vacated the Final Rule.  *Rest. L. Ctr.*, 120 F.4th at 177 (holding, "[w]e RENDER summary judgment for the Associations and VACATE the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967").  In particular, the Fifth Circuit held:

The Administrative Procedure Act requires us to hold unlawful and set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  The Final Rule fails under the Administrative Procedure Act twice over.  Because the Final Rule is contrary to the Fair Labor Standards Act's clear statutory text, it is not in accordance with law.  And because it imposes

7

a line-drawing regime that Congress did not countenance, it is arbitrary and capricious.

*Id.* at 166 (internal citation omitted).   The Fifth Circuit's decision, including the vacatur of the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967, eliminates the basis for Plaintiff's minimum wage claims tied to his non-tipped duties theory as set forth in his Complaint.

In vacating the Final Rule, the Fifth Circuit began by noting that it was "tasked with evaluating the permissibility of the 2021 Final Rule under the FLSA" while emphasizing that "[t]he APA directs courts to hold unlawful and set aside agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 170 (citation omitted). After recognizing that the Supreme Court overruled *Chevron*, the Fifth Circuit, following the Supreme Court's instruction, proceeded with its analysis and, consistent with "the APA's basic textual command," went about "independently interpret[ing] the statute and effectuat[ing] the will of Congress." *Id*. at 171 (citing *Loper Bright Enters. v. Raimondo*, 144 S.Ct. 2244, 2263, 2273 (2024)).

Accordingly, the Fifth Circuit "parse[d] the text of the FLSA using the traditional tools of statutory interpretation," and began with the statutory text, itself, focusing on two relevant terms from 29 U.S.C. § 203(t) – "engaged in" and "occupation" – neither of which are defined by the FLSA. *Id.*   Looking at the language of the FLSA as compared to the Final Rule, the court concluded that both the 80/20 rule and the 30 continuous minutes rule were inconsistent with the plain language of the FLSA. *Id.* at 171-175.   As the court stated:

> The FLSA is clear: an employer may claim the tip credit for any employee who, when "engaged in" her given "occupation . . . customarily and regularly receives *more than $30 a month in tips*." The FLSA does not ask whether duties composing that given occupation are themselves *individually* tip-producing.

8

> Put another way, being "engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips" cannot be twisted to mean being "engaged in duties that directly produce tips, or in duties that directly support such tip-producing duties (but only if those supporting duties have not already made up 20 percent of the work week and have not been occurring for 30 consecutive minutes) and not engaged in duties that do not produce tips."

*Id.* at 173 (internal citation omitted and emphasis in original).  Ultimately, "the Final Rule applie[d] the tip credit in a manner inconsistent with the FLSA's text," and therefore, the Fifth Circuit "conclude[d] that the Final Rule [was] 'not in accordance with law.'"  *Id.* at 174-175 (citation omitted).

Similarly, the Fifth Circuit found the Final Rule arbitrary and capricious as "it draws a line for application of the tip credit based on impermissible considerations and contrary to the statutory scheme enacted by Congress."  *Id.* at 175-177.  This improper line drawing tried to tie the tip credit to the nexus between a job duty and whether that duty produces tips as well as the amount of time spent on such duties:

> The Final Rule ties the tip credit not to the *character* of these various duties as integral to their respective occupations, but to the amount of *time* that these duties take.  Like the tipping nexus, this temporality requirement can be found nowhere in the statute.
>
> In short, as to supporting work, the Final Rule replaced the Congressionally chosen touchstone of the tip-credit analysis – the occupation – with one of DOL's making – the timesheet.  And as to untipped work, the Final Rule again ignores such work's clear connection to the occupation itself and instead elevates its lack of connection to tipping.  The Final Rule is therefore "a completely different approach to the tip credit."

*Id.* at 176 (citation omitted and emphasis in original).

Ultimately, the Fifth Circuit "VACATE[D] the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967."  *Id.* at 177.  In reaching this decision, the court also removed any basis for continued reliance on the DOL's sub-regulatory guidance regarding the 80/20 rule. Simply put, and as the court emphasized, "[w]e are not persuaded that the 80/20 standard, however

9

longstanding, can defeat the FLSA's plain text," unlike the occupation-based regulation.  *Id.* at 174.

2.  *Vacatur is proper when a regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and upon vacation, the prior legitimate regulation returns.*

In its decision, the Fifth Circuit made clear that the Final Rule was vacated "insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967."  *Rest. L. Ctr.*, 120 F.4th at 177.  In other words, the Fifth Circuit made clear, as applicable here, that the substance of the 1967 regulation applies moving forward.  This is consistent with the Administrative Procedure Act, which requires that a "reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

As explained by the Court of Appeals for the District of Columbia Circuit,[2] "[t]o 'vacate,' as the parties should well know, means 'to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside.'" *Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (citing 91 C.J.S. Vacate (1955), and *Stewart v. Oneal*, 237 F. 897, 906 (6th Cir. 1916)). Similarly, multiple leading law review articles and publications explain that vacatur makes it so that no rule exists to be enforced against anyone. *See, e.g.,* Mila Sohoni, THE POWER TO VACATE A RULE, 88 Geo. Wash. L. Rev. 1121, 1122 (2020) ("[V]acatur leaves no rule (or provision) in place to enforce against anyone."); Jonathan F. Mitchell, THE WRIT-OF-ERASURE FALLACY, 104 Va. L. Rev. 933, 1012-13 (2018)

---

[2] For obvious reasons, the D.C. Circuit is a leading authority on the Administrative Procedure Act. As Chief Justice John Roberts—who previously served on the D.C. Circuit—recently opined, the judges on the D.C. Circuit might vacate a regulation "five times before breakfast." *See* Ronald M. Levin, VACATUR, NATIONWIDE INJUNCTIONS, AND THE EVOLVING APA, 98 Notre Dame L. Rev. 1997, 1999-2001 (2023).

("This statutory power to 'set aside' agency action is more than a mere non-enforcement remedy. It is a veto-like power that enables the judiciary to formally revoke an agency's rules, orders, findings, or conclusions – in the same way that an appellate court formally revokes an erroneous trial-court judgment. In these situations, the courts do hold the power to 'strike down' an agency's work, and the disapproved agency action is treated as though it had never happened.") (footnotes omitted); *see also* Ronald M. Levin, VACATUR, NATIONWIDE INJUNCTIONS, AND THE EVOLVING APA, 98 Notre Dame L. Rev. 1997, 1999–2001 (2023) (discussing the perspectives of various Supreme Court justices concerning the effect of vacating a regulation).  Further, several courts, including the Sixth Circuit, have concluded that vacatur is the proper remedy when a regulation is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as required by the APA, 5 U.S.C. § 706(2)(A), and that vacatur returns the force of law to the prior existing regulation.  *See, e.g., Mason Gen. Hosp. v. Sec'y of Dep't of Health & Hum. Servs.*, 809 F.2d 1220, 1223 (6th Cir. 1987); *Prometheus Radio Project v. F.C.C.*, 652 F.3d 431, 453, n.25 (3d Cir. 2011); *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005); *Action on Smoking*, 713 F.2d at 797; *Menorah Med. Ctr. v. Heckler*, 768 F.2d 292, 297 (8th Cir. 1985).  *Cf. Harmon v. Thornburgh*, 878 F.2d 484, 494 (D.C. Cir. 1989); *N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*, 702 F.3d 755, 770 (4th Cir. 2012); *Chamber of Com. of U.S. of Am. v. U.S. Dep't of Lab.*, 885 F.3d 360, 388 (5th Cir. 2018); *H & H Tire Co. v. U.S. Dep't of Transp.*, 471 F.2d 350, 355-56 (7th Cir. 1972).

Accordingly, here, the prior regulation – which lacks the 80/20 rule and the 30 continuous minute rule, and which specifically allows waiters to engage in supporting work without losing their status as "tipped employees" – is reinstated, and the legal basis for Plaintiff's non-tipped duties theory has disappeared.

11

3.      *With the Final Rule vacated, Plaintiff's non-tipped duties theory is baseless.*

Plaintiff's non-tipped duties theory is based on three concepts, all of which, are tied to the language, terminology, and concepts contained within the now vacated aspects of the Final Rule. With the Final Rule vacated, there is no basis or support for Plaintiff's non-tipped duties theory under any of the concepts relied upon.  Accordingly, Defendant is entitled to judgment on the pleadings to the extent Plaintiff's claims are based on the non-tipped duties theory.

First, although Plaintiff's initial concept is arguably tied to the dual jobs regulation, *see* 29 C.F.R. § 531.56(e), whereby he argues that "Defendant was prohibited from taking a tip credit when [] their tipped employees performed work that is not part of the employee's tipped occupation," Compl., ECF No. 1 at PageID 7 (¶ 29), Plaintiff's allegations relating to this concept are fully rooted in the now vacated Final Rule.  *See, e.g.*, Compl., ECF No. 1 at PageID 5-9 (¶¶ 24, 29, 31-36).  Plaintiff's allegations focus solely on concepts from the now vacated Final Rule, including "work that is not part of the tipped occupation," and "nontipped but 'directly supporting work' for a 'substantial amount of time.'"  *See* Compl., ECF No. 1 at PageID 8 (¶ 32).

Further, Plaintiff identifies the following non-tipped duties performed in support of his claim: "stocking glasses; stocking plates; stocking condiments; folding linens; brewing coffee and tea; polishing silverware, filling salt and shakers, grabbing ice and fruit for the bar, putting silverware on tables, and attending a 15-minute pre-shift meeting."  Compl., ECF No. 1 at Page ID 8-9 (¶ 33).  This is not a situation where Plaintiff is alleging dual jobs in that an individual is engaged in two separate occupations – one tipped occupation (such as a server) and another non-tipped occupation (such as a maintenance worker).  In contrast to a dual job situation, these allegations are covered by the long-recognized distinction within the dual jobs regulation (including the version now applicable following the vacatur of the Final Rule):

12

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least [$20 or $30][3] a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of counterman, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e) (1967-2021); *see also Rest. L. Ctr.*, 120 F.4th at 166-167, 177.  Notably, as the Fifth Circuit recognized, the now applicable version of the regulation focuses on the tipped occupation, and not the percentage of time spent in discrete job duties:

> The dual-jobs regulation, unlike the Final Rule, does not countenance a percentage-based–much less a 30-minute-increment-cutoff-based–approach to identifying how much untipped work is too much. Indeed, it focusses on "whether the employee performs tasks *unrelated* to his or her tipped occupation," not the "*amount of time*" spent on untipped tasks. It therefore suffers from none of the infirmities that we have identified with the Final Rule. "Dual" really means dual. The 1967 regulation envisioned two unrelated and separate occupations: maintenance work and waitressing. By contrast, the Final Rule applies the dual-jobs framework to disaggregate the component tasks of a single occupation.

*Rest. L. Ctr.*, 120 F.4th at 174 (emphasis in original and internal citations omitted).  The Fifth Circuit also explained the following:

> Put another way, being "engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips" cannot be twisted to mean being "engaged in duties that directly produce tips, or in duties that directly support such tip-producing duties (but only if those supporting duties have not already made up 20 percent of the work week and have not been occurring for 30 consecutive minutes) and not engaged in duties that do not produce tips."

*Id.* at 173.

---

[3] As indicated in Section III(B)(1), *supra*, the only substantive change that went into effect between 1967 and 2021 was a change from $20 a month in tips to $30 a month in tips.

13

Similarly, here, Plaintiff does not argue the existence of two unrelated and separate occupations, but rather, he is trying to improperly apply "the dual-jobs framework to disaggregate the component tasks of a single occupation." *Id.* at 174. This very attempt was discounted by the *Restaurant Law Center* court.

Plaintiff also asserts that "Defendant was prohibited from taking a tip credit when . . . their tipped employees performed work that is directly supporting work but non-tipped work when the employees' time performing these tasks exceeds twenty percent of their tipped employees' time worked during a workweek." Compl., ECF No. 1 at PageID 7 (¶ 29). This theory (*i.e.*, the "20% Argument") is also rooted in the now vacated Final Rule. *See* Compl., ECF No. 1 at PageID 10 (¶¶ 37-38). No prior version of the regulation had embraced that 80/20 Rule, leaving Plaintiff to rely on prior sub-regulatory guidance for the continued viability of his 20% Argument. However, as the Fifth Circuit recognized, irrespective of how long it has been contained in the sub-regulatory guidance, the 80/20 Rule cannot defeat the plain language of the FLSA. *Rest. L. Ctr.*, 120 F.4th at 174. Simply put, Plaintiff's 20% Argument is contrary to the plain language of the FLSA, and contrary to the now applicable version of the regulation.

Finally, Plaintiff's third theory is based on the assertion that "Defendant was prohibited from taking a tip credit when . . . their tipped employees performed non-tipped but directly supporting work for a continuous period of time that exceeds 30 minutes during a workweek." Compl., ECF No. 1 at PageID 7-8 (¶ 29). This theory (*i.e.*, the "30 Minutes Argument") is also rooted exclusively in the now vacated Final Rule. *See* Compl., ECF No. 1 at PageID 10-11 (¶¶ 39-40). The 30 Minutes Argument is not supported by the now applicable version of the regulation (*i.e.*, the 1967 version of the regulation). In fact, as the Fifth Circuit noted "[t]he 30-minute requirement is new to the Final Rule and has no analog in DOL's previous 80/20 guidance." *Rest.*

14

*L. Ctr.*, 120 F.4th at 168, n.1.  In other words, in the absence of the now vacated Final Rule, there is not even a fallback historical agency statement for Plaintiff to attempt to rely upon to support his 30 Minutes Argument.

In light of the Fifth Circuit's decision in *Restaurant Law Center*, where the court was clear that the "80/20/30" rule was in direct violation of the plain language of the statute, Plaintiff's non-tipped duties claim is baseless, and Defendant is entitled to judgment on the pleadings.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests judgment on the pleadings be granted in its favor thereby dismissing Plaintiff's Class Action and Collective Action Complaint to the extent the claims are based on Plaintiff's alleged performance of non-tipped duties, because that theory is solely premised upon the now-vacated aspects of the Final Rule.  Granting this motion would leave to be adjudicated only Plaintiff's minimum wage claims (Count One and Count 2) premised solely on his missed meal periods theory.

Respectfully submitted,

*/s/ Richard A. Millisor*
Richard A. Millisor (0062883)
James M. Patrick (0088026)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, OH 44114
Phone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com

Teresa J. Hardymon (0096721)
Fisher & Phillips LLC
250 West Street, Suite 400
Columbus, OH 43215
Phone: (614) 221-1425
Fax: (614) 221-1409
thardymon@fisherphillips.com

FP 52419836.12

Steven A. Siegel (Fla. Bar No. 497274)
*(admitted pro hac vice)*
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 847-4724
Facsimile: (954) 525-8739
ssiegel@fisherphillips.com

***Counsel for Defendant***
***Hard Rock Cafe International (STP), Inc.***

16

FP 52419836.12

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2024, the foregoing *Defendant's Motion for Partial Judgment on the Pleadings* was filed electronically via Court's Electronic Filing System. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Richard A. Millisor
Richard A. Millisor (0062883)
Trial Counsel

17

FP 52419836.12