**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ZAC FRANCIS,** | ) | CASE NO. 1:23-cv-00760-TSB |
| | ) | |
| *Individually and on behalf of all others* | ) | JUDGE TIMOTHY S. BLACK |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| **HARD ROCK CAFE** | ) | |
| **INTERNATIONAL (STP), INC.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiff Zac Francis, on behalf of himself and all others similarly situated, respectfully

files this Response to Defendant's Motion for Partial Judgment on the Pleadings and would show

the Court the following.

i

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ........................................................................................ 1

II. BACKGROUND ............................................................................................................. 1

    A. The Department of Labor enacted the dual jobs regulation found in 29 C.F.R. § 531.56 pursuant to express delegation from Congress. ........................................................... 2

    B. The DOL enacted the 80/20 Rule to protect tipped workers who represent a segment of the workforce that are historically low wage earners. ............................................... 3

    C. From 2018-2020, there was an attempt to invalidate the 80/20 Rule which was rejected by the courts. Indeed, the sole circuit court to address the 80/20 Rule after the attempted rescission of the rule, affirmed the 80/20 Rule. In *Rafferty*, the Eleventh Circuit affirmed that the 80/20 Rule is a valid statement of the law under the FLSA. ............................................... 5

    D. In 2021, the DOL retracted its efforts to withdraw the 80/20 Rule. It then amended the dual jobs regulation to expressly incorporate the 80/20 Rule. .................................... 7

    E. In August 2024, the Fifth Circuit vacated the 2021 revision to the dual jobs regulation. In doing so, the Fifth Circuit reinstated the dual jobs regulation in its prior form. ......................... 8

    F. Courts have recently rejected the very same arguments that Hard Rock has advanced in this case. ..................................................................................................................... 9

III. ARGUMENTS AND AUTHORITIES .......................................................................... 11

    A. With the prior dual jobs regulation being reinstated, the 80/20 Rule is the law applicable to tipped workers. The Supreme Court's decision in *Loper Bright* requires the 80/20 Rule to be followed. ................................................................................................................. 11

    B. This Court should continue to apply the 80/20 Rule and not follow the non-binding *Restaurant Law Center* decision. .............................................................................. 14

    C. Plaintiff has pleaded a viable claim that he was required to perform work that does not generate tips but is related to the job of a tipped occupation for a continuous, prolonged period while being paid below the minimum wage. ................................................................ 16

    D. The *Restaurant Law Ctr*. decision did not alter the law that tipped workers are not allowed to perform work that is not a part of their tipped occupation. Plaintiff has properly asserted a claim against Hard Rock for requiring Plaintiff to perform work unrelated to his tipped occupation while being paid below the minimum wage. .............................................. 19

    E. In the alternative, if the Court finds Plaintiff's Complaint to be deficient following the *Restaurant Law Center* decision, Plaintiff respectfully requests the opportunity to amend his Complaint. ............................................................................................................... 22

CONCLUSION ....................................................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Chamber of Commerce of United States v. SEC*,
115 F.4th 740 (6th Cir. 2024)................................................................................................ 15

*Citizens to Preserve Overton Park v. Volpe*,
401 U.S. 402 (1971) ............................................................................................................. 15

*Clark v. A&L Homecare & Training Ctr., LLC*,
68 F.4th 1003 (6th Cir. 2023)............................................................................................... 14

*Deutsche Bank Nat'l Tr. Co. v. Tucker*,
621 F.3d 460 (6th Cir. 2010)................................................................................................ 14

*Driver v. AppleIllinois, LLC*,
739 F.3d 1073 (7th Cir. 2014).............................................................................................. 20

*Fast v. Applebee's Int'l, Inc.*,
638 F.3d 872 (8th Cir. 2011)...................................................................................... 5, 8, 11

*FCC v. Prometheus Radio Project*,
592 U.S. 414 (2021) ............................................................................................................. 15

*Flood v. Carlson Rests. Inc.*,
94 F. Supp.3d 572 (S.D.N.Y. 2015) .............................................................................. 8, 11

*Green v. Perry's Rests. Ltd.*,
No. Civ. A. 21-CV-0023-WJM-NRN, 2024 U.S. Dist. LEXIS 219993 (D. Col. Dec. 5, 2024) . 9

*Haase v. Cameron Mitchell Rests., LLC*,
No. Civ. A. 2:23-CV-1316, 2024 U.S. Dist. LEXIS 355 (S.D. Ohio Jan. 2, 2024) .................... 8

*Home Care Ass'n of Am. v. Weil*,
799 F.3d 1084 (D.C. Cir. 2015) ............................................................................................. 2

*Long Island Care at Home, Ltd. v. Coke*,
551 U.S. 158 (2007) ............................................................................................................... 2

*Loper Bright Enters. v. Raimondo*,
144 S. Ct. 2244 (2024)............................................................................................. 12, 13, 14

*Marsh v. J. Alexander's LLC*,
905 F.3d 610 (9th Cir. 2018)................................................................................... 5, 8, 11, 17

*Northwoods Wilderness Recovery, Inc. v. USDA Forest Serv.*,
   192 F. App'x 369 (6th Cir. 2006) .......................................................................... 15

*Rafferty v. Denny's, Inc.*,
   13 F. 4th 1166 (11th Cir. 2021) ....................................................................... Passim

*Rashada v. Flegel*,
   No. Civ. A. 23-1674, 2024 U.S. App. LEXIS 7883 (6th Cir. 2024) ......................... 22

*Restaurant Law Ctr. v. U.S. Dep't of Labor*,
   66 F.4th 593 (5th Cir. 2023) .................................................................................. 7

*Restaurant Law Ctr. v. U.S. Dep't of Labor*,
   120 F.4th 163 (5th Cir. 2024) ......................................................................... Passim

*Rhinehimer v. U.S. Bancorp Invs., Inc.*,
   787 F.3d 797 (6th Cir. 2015) ............................................................................... 15

*Roberson v. Texas Roadhouse Mgmt. Corp.*,
   2020 WL 7265860 (W.D. Ky. Dec. 10, 2020) ......................................................... 6

*Skidmore v. Swift & Co.*,
   323 U.S. 134 (1944) ............................................................................................ 15

*Southwest Airlines Co. v. Saxon*,
   596 U.S. 450 (2022) ............................................................................................ 14

*Stein v. hhgregg, Inc.*,
   873 F.3d 523 (6th Cir. 2017) ............................................................................... 17


Statutes

29 U.S.C. § 203(m)(2)(A) ........................................................................................... 2

29 U.S.C. § 203(m)(2)(B) ........................................................................................... 5

29 U.S.C. § 203(t) ................................................................................................ 2, 19

29 U.S.C. § 206(a) ..................................................................................................... 2


Regulations

29 C.F.R. § 531.56 .............................................................................................. 1, 2, 21

iv

29 C.F.R. § 531.56(e) ............................................................................................... 6, 15, 19

29 C.F.R. § 531.56(f)(4) ................................................................................................... 7

85 Fed. Reg. 86,756 (Dec. 30, 2020) ................................................................. 6, 18, 20

86 Fed. Reg. 22,597 (Apr. 29, 2021) ............................................................................. 7

86 Fed. Reg. 60,114 (Oct. 29, 2021) ...................................................................... 5, 6, 7

## I.     SUMMARY OF ARGUMENT

Hard Rock's Motion for Partial Judgment on the Pleadings should be denied in its entirety. The Fifth Circuit's decision in *Restaurant Law Center* is not binding on this Court and the decision has no material impact on this case.  The decision merely reinstated the prior dual jobs regulation found at 29 C.F.R. § 531.56. Courts across the country previously interpreted this regulation and considering its language, found the 80/20 Rule to be valid under the Fair Labor Standards Act ("FLSA").  Similarly, Plaintiff's claim that he was required to perform work unrelated to his tipped occupation while being paid below the minimum wage is a viable claim that even the *Restaurant Law Center* decision affirms.  With respect to Plaintiff's claim that Hard Rock required Plaintiff to perform non-tipped work for a prolonged and continuous period of time, this claim is supported by opinion letters issued by the Department of Labor.  Those opinion letters have been found to be persuasive authority by courts.

Ultimately, Hard Rock's Motion is unmeritorious as Hard Rock did not present any legitimate argument to support the relief that it seeks.  Each of the claims asserted by Plaintiff is supported by guidance issued by the Department of Labor and the case law interpreting that guidance. Despite Hard Rock's arguments, each of the claims that Plaintiff has asserted is viable and meritorious. Accordingly, Hard Rock's Motion should be denied.[1]

## II.     BACKGROUND

While Hard Rock provided a background as to the dual jobs regulation found at 29 C.F.R. § 531.56, Hard Rock's summary was largely inaccurate and incomplete.  To ensure that complete and accurate information is provided to the Court, Plaintiff submits the following information.

---

[1] Hard Rock Café concedes that Plaintiff's claim that Hard Rock Café failed to compensate him for missed meal periods remains viable after the *Restaurant Law Center* decision and therefore, Hard Rock Café's Motion does not apply to that claim. (*See* Dkt. 23 at PageID 257-58).

**A. The Department of Labor enacted the dual jobs regulation found in 29 C.F.R. § 531.56 pursuant to express delegation from Congress.**

The FLSA requires a covered employer to pay its employees a minimum wage. 29 U.S.C. § 206(a). As originally enacted in 1938, the FLSA exempted certain industries, including the restaurant industry. FLSA of 1938, Pub. L. No. 75-718, § 13(a), 52 Stat. 1060, 1067. In 1966, Congress extended the FLSA's protections to restaurant-industry employees, Pub. L. No. 89-601, § 201, 80 Stat. at 833, and allowed employers to take a partial credit toward the minimum wage with the tips received by tipped employees, *see id*. § 101(a), 80 Stat. at 830 (codified at 29 U.S.C. § 203(m)(2)(A)). The 1966 amendments defined a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than" a specified amount in tips (currently $30 per month). *Id*. at § 101(b), 80 Stat. at 830 (codified at 29 U.S.C. § 203(t)). Congress expressly gave the Secretary of Labor authority to implement the 1966 amendments through necessary rules, regulations, and orders. Pub. L. No. 89-601, § 602, 80 Stat. at 844. That provision allows the Department of Labor ("DOL") to implement the FLSA through rules and regulations. *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007) (addressing a materially identical provision in the FLSA's 1974 amendments); *see also Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1091, 1092 (D.C. Cir. 2015) (same), *cert. denied*, 579 U.S. 927 (2016).

In 1967, the year after Congress authorized the tip credit, the DOL issued a regulation implementing that provision. *See* 32 Fed. Reg. 13,575 (Sept. 28, 1967). In relevant part, the 1967 regulation addressed the tip credit's availability when a person is "employed in a dual job"—such as "where a maintenance man in a hotel also serves as a waiter." *Id*. at 13,580. The regulation specified that such an employee "is a tipped employee only with respect to his employment as a waiter" (tip-producing work) and that "no tip credit can be taken for his hours of employment in his occupation of maintenance man." *Id*. at 13,581. The regulation also distinguished that situation

2

"from that of a waitress who spends *part of her time* cleaning and setting tables, toasting bread, making coffee and *occasionally* washing dishes or glasses." 32 Fed. Reg. at 13,581 (emphasis added).

The legislative history of the 1974 amendments to the FLSA added further clarity and explained that the work of janitors and dishwashers is not tipped work and not eligible for the tip credit, even if a tipped employee who does that work receives more than $30 per month in tips. *See* Senate Report No. 93-960, at p. 43 (February 22, 1974).

**B. The DOL enacted the 80/20 Rule to protect tipped workers who represent a segment of the workforce that are historically low wage earners.**

Since 1991, the federal minimum cash wage for workers in tipped occupations has been just $2.13 per hour. People who rely on tips to make a minimum wage work through the country's service economy in restaurants, hotels, bars, and casinos. But the dependence on tips to earn a living makes an employee's earnings dangerously unstable. A tipped employee working 40 hours per week in a 52-week year at the pay rate of $2.13 per hour earns less than $4,500 for the year. While the FLSA requires employers to ensure that their tipped employees receive at least the minimum wage of $7.25 per hour by making up the difference if tips falls short, such a low hourly rate paid to tipped workers leaves them near or below the poverty line. "Poverty rates for people who work for tips are more than twice as high as rates for working people overall – with female tipped workers, especially women of color, at a particular disadvantage."[2] In fact, many people have spoken against the ills of paying workers as low as $2.13 per hour. Adasina Social Capital,

---

[2] The Leadership Conference on Civil and Human Rights*, Comment: Tip Regulations Under the Fair Labor Standards Act (FLSA)*, Regulations.gov, WHD-2019-0004, 2 (Aug. 23, 2021), available at https://www.regulations.gov/comment/WHD-2019-0004-2417 (citations omitted).

a company representing investors with more than $538 billion in assets, issued a letter to large corporations operating restaurants advising against the tip credit, which states:[3]

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work. As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color.** The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushed to recoup the costs of free, exploited labor.[4]

In an effort to protect these workers, the DOL issued several opinion letters addressing the dual jobs regulation's application under particular circumstances. *See, e.g.*, WHD Opinion Letter FLSA-895 (Aug. 8, 1979) (informing a restaurant employer that no tip credit was available for the hours when a waiter performed "salad preparation activities"); WHD Opinion Letter WH-854, 1985 WL 1259240 (Dec. 20, 1985) (stating "if specific employees are routinely assigned to maintenance-type work or…tipped employees spend a substantial amount of time in performing general preparation work or maintenance, we would not approve a tip credit for hours spent in such activities.").

In 1988, the DOL issued the 80/20 Rule, which addressed the dual jobs regulation's provision that the tip credit may be taken for duties "related" to tip-producing work that an employee performs "part of [the] time" or "occasionally." 32 Fed. Reg. at 13,581.  The 80/20 Rule was included in an updated version of the Field Operations Handbook of the DOL's Wage and

---

[3]*See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/, last visited December 19, 2024.

[4] *Id*. (emphasis added).

4

Hour Division ("WHD"). *See* WHD Field Operations Handbook Rev. 563 § 30d00(e) (Dec. 9, 1988). In relevant part, the 1988 Handbook explained that employers may take the tip credit for non-tipped duties "related to the tipped occupation," but that when "tipped employees spend a substantial amount of time (in excess of 20 percent) performing" such related, non-tipped duties, "no tip credit may be taken for the time spent in such duties." *Id*.

For the next three decades, the 80/20 Rule remained largely unchanged.[5] During that time, the 80/20 Rule was repeatedly upheld as a valid application of the FLSA, including by every circuit court to consider it. *See, e.g.*, *Marsh v. J. Alexander's LLC*, 905 F.3d 610, 625 (9th Cir. 2018) (en banc); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 879-81 (8th Cir. 2011).

In March 2018, Congress reaffirmed the FLSA's intention to protect tipped workers and amended the FLSA again. The 2018 amendment prohibits employers from keeping tips received by their employees for any purpose, regardless of whether the employer takes the tip credit. *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, § 1201(a)(5), 132 Stat. 348, 1148 (codified at 29 U.S.C. § 203(m)(2)(B)). The actions taken by Congress demonstrate that tipped workers should be given greater protections under the law.

**C. From 2018-2020, there was an attempt to invalidate the 80/20 Rule which was rejected by the courts. Indeed, the sole circuit court to address the 80/20 Rule after the attempted rescission of the rule, affirmed the 80/20 Rule. In *Rafferty*, the Eleventh Circuit affirmed that the 80/20 Rule is a valid statement of the law under the FLSA.**

In November 2018 and February 2019, the DOL issued an opinion letter and updated handbook, respectively, that rescinded the 80/20 guidance. *See Rafferty v. Denny's, Inc.*, 13 F. 4th 1166, 1176-77 (11th Cir. 2021). Under the new guidance, employers could look to the

---

[5] However, there was a three-month period between January 16, 2009, and March 2, 2009, when the DOL issued—and quickly withdrew—an opinion letter that briefly rescinded the guidance. *See* 86 Fed. Reg. 60,114, 60,117 (Oct. 29, 2021) (describing the history).

Occupational Information Network (O*NET)—a database of descriptive occupational information published by the DOL—to determine which duties were considered "directly related to the tip-producing duties" of an occupation. *See id*. at 1176. If a duty was listed in that database, the tip credit would be available for any amount of time employees spent performing that potentially non-tipped duty, so long as the duty was performed "contemporaneously with" or "for a reasonable time immediately before or after" the employee's duties involving <u>direct service to customers</u>. *See, e.g.*, 85 Fed. Reg. 86,756 (Dec. 30, 2020).

In private litigation brought by tipped employees, courts largely refused to defer to the 2018 opinion letter and the revised 2019 handbook and instead continued to apply the 80/20 Rule in determining whether an employer was entitled to take a tip credit for non-tipped duties. *See, e.g., Roberson v. Texas Roadhouse Mgmt. Corp.*, No. 3:19-cv-628-RGJ, 2020 WL 7265860, at *6 (W.D. Ky. Dec. 10, 2020) (joining "the majority of other district courts in refusing to grant deference" to the 2018 opinion letter or 2019 handbook); *see also* 86 Fed. Reg. at 60,118 n.3 (citing to multiple other district court decisions declining to defer to the 2018 guidance).

Meanwhile, the DOL finalized a regulation in late 2020 that largely codified its recission of the 80/20 Rule. 85 Fed. Reg. 86,756 (Dec. 30, 2020). If it had taken effect, the 2020 rule would have amended 29 C.F.R. § 531.56(e) to state as follows:

> an employer may take a tip credit for all non-tipped duties an employee performs that meet two requirements. First, the duties must be related to the employee's tipped occupation; second, the employee must perform the related duties contemporaneously with the tip-producing activities or **within a reasonable time immediately before or after the tipped activities.**

85 Fed. Reg. at 86,767 (emphasis added).

In 2021, the only Circuit Court to have addressed the DOL's attempted rescission of the 80/20 Rule – the Eleventh Circuit - rejected the attempted rescission of the 80/20 Rule. *Rafferty v.*

6

*Denny's, Inc.*, 13 F. 4th 1166 (11th Cir. 2021).  In *Rafferty*, the Eleventh Circuit applied the traditional tools of interpretation and reviewed the plain language of the FLSA and the language of the dual jobs regulation. *Id*. at 1185-88.  The Eleventh Circuit then concluded that the 80/20 Rule was a valid statement of the law under the FLSA. *Id*. at 1188-89.

### D. In 2021, the DOL retracted its efforts to withdraw the 80/20 Rule.  It then amended the dual jobs regulation to expressly incorporate the 80/20 Rule.

The DOL postponed the effective date of the revised regulation attempting to rescind the 80/20 Rule. 86 Fed. Reg. 11,632 (Feb. 26, 2021) (extending the effective date to April 30, 2021); 86 Fed. Reg. 22,597 (Apr. 29, 2021) (extending the effective date for the dual jobs part of the rule to December 31, 2021).  During that period, the DOL issued a notice of proposed rulemaking to codify the 80/20 Rule with some refinements that clarified what types of work would and would not count toward the limitation on non-tipped work. *See* 86 Fed. Reg. 32,818 (June 23, 2021) (proposed rule). The DOL then made significant adjustments to the proposed rule in response to comments from the restaurant industry and the DOL issued its Final Rule on October 29, 2021. 86 Fed. Reg. 60,114 (Oct. 29, 2021).  The 2021 revision to the dual jobs regulation "essentially codifies the '80/20 guidance' that had appeared in various Department documents over the past three and a half decades." *Restaurant Law Ctr. v. U.S. Dep't of Labor*, 66 F.4th 593, 596 (5th Cir. 2023). The 2021 revisions "permit[] an employer to take a tip credit, not only for an employee's tip-producing work, but also for other work that 'directly supports tip-producing work, provided that the employee does not perform that work for a substantial amount of time'" defined as exceeding 20% of the time spent in a week in a tipped position or any period exceeding 30 consecutive minutes. *Id*. (quoting 29 C.F.R. § 531.56(f)(4)).

7

**E.  In August 2024, the Fifth Circuit vacated the 2021 revision to the dual jobs regulation. In doing so, the Fifth Circuit reinstated the dual jobs regulation in its prior form.**

On August 23, 2024, the Fifth Circuit vacated the 2021 revisions to the dual jobs regulation (referred to as the "Final Rule."). *Restaurant Law Ctr. v. U.S. Dep't of Labor*, 120 F.4th 163, 177 (5th Cir. 2024).[6] In so doing, the Fifth Circuit reinstated the language of the prior dual jobs regulation as promulgated in 1967. *See id*.

On December 17, 2024, the DOL formally reinstated the prior dual jobs regulation.[7] As noted earlier, courts across the country affirmed the 80/20 Rule under the language of the prior dual jobs regulation, which is now in effect again. *See, e.g., Marsh*, 905 F.3d at 625; *Fast*, 638 F.3d at 879-81; *Rafferty*, 13 F.4th at 1185 (continuing to apply the 80/20 guidance despite the effort to rescind it); *see also Flood v. Carlson Rests. Inc.*, 94 F. Supp.3d 572, 583-84 (S.D.N.Y. 2015) (collecting cases to demonstrate that "district courts across the country" "have consistently endorsed the twenty percent rule"); *Harding v. Steak N Shake, Inc.*, No. Civ. A. 1:21-CV-1212; 2024 U.S. Dist. LEXIS 145232, at *20-24 (N.D. Ohio Aug. 15, 2024) (applying *Loper Bright* standard to find that 80/20 Rule under dual jobs regulation is valid); *Haase v. Cameron Mitchell Rests., LLC*, No. Civ. A. 2:23-CV-1316, 2024 U.S. Dist. LEXIS 355, 2024 WL 23159, at *2 (S.D. Ohio Jan. 2, 2024); *Toro v. Calimira LLC*, No. 2:23-CV-28, 2024 U.S. Dist. LEXIS 2753, at *6 (S.D. Ohio Jan. 5, 2024); *Roberson v. Tex. Roadhouse Mgmt. Corp.*, No. Civ. A. 3:19-CV-628, 2020 U.S. Dist. LEXIS 232323 (W.D. Ky. Dec. 10, 2020).

---

[6] The Fifth Circuit had previously issued a different opinion found at 115 F.4th 396.  However, that decision was withdrawn and replaced on October 29, 2024.

[7]  https://www.ecfr.gov/current/title-29/subtitle-B/chapter-V/subchapter-A/part-531/subpart-D#p-531.56(e)%22%3E29%20CFR%20531.56(e)%3C/a%3E.%20See%20%3Ca%20href=%22https://www.federalregister.gov/public-inspection/2024-29798/tip-regulations-under-the-fair-labor-standards-act-restoration-of-regulatory-language (Last visited January 9, 20205).

8

There is now a circuit split between those circuits that held the 80/20 Rule to be valid under the prior regulation, and the Fifth Circuit. Given that this case is pending in the Sixth Circuit, and the prior dual jobs regulation is now in effect, the 80/20 Rule is the law. *See, e.g., Haase v. Cameron Mitchell Restaurants, LLC*, No. 2:23-CV-1316, 2024 U.S. Dist. LEXIS 355, 2024 WL 23159, at *3-8 (S.D. Ohio Jan. 2, 2024) (holding the 80/20 Rule to be a reasonable interpretation of the prior dual jobs regulation).

**F. Courts have recently rejected the very same arguments that Hard Rock has advanced in this case.**

Hard Rock believes that the *Restaurant Law Center* decision was not limited to the Fifth Circuit but invalidated the 80/20 Rule for courts in all other circuits. Hard Rock's argument has recently been rejected. In *Green v. Perry's Rests. Ltd*., No. Civ. A. 21-CV-0023-WJM-NRN, 2024 U.S. Dist. LEXIS 219993 (D. Col. Dec. 5, 2024) the court held that the Fifth Circuit's *Restaurant Law Center* decision did not invalidate the 80/20 Rule nationwide.

The court in *Green* determined that the 80/20 Rule still exists as part of the DOL's subregulatory guidance and courts are still free to rely upon that guidance. *Id.* at *15-*17. The *Green* Court stated as follows:

> the Fifth Circuit acknowledged that earlier opinions analyzing the DOL's subregulatory guidance in accordance with *Auer* and/or *Skidmore* "[did] not directly bear upon the question that [it was] confronted with" in *Restaurant Law Center.* 120 F.4th at 170. In other words, just as the Fifth Circuit was free to find persuasiveness—or not—in earlier opinions applying *Auer* and/or *Skidmore* to the 1988 FOH Guidance, **this Court is free to do the same as to *Restaurant Law Center*'s independent statutory interpretation of the FLSA.**

> The Court finds further support for its conclusion that the 1988 FOH Guidance (and case law interpreting it) remain valid after *Restaurant Law Center* in the notion that "a vacatur does nothing but re-establish the status quo absent the unlawful agency action." *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022*)*. Prior to the DOL's promulgation of the 2021 Final Rule, the relevant regulatory framework consisted of the Dual Jobs Regulation, as further interpreted by the 1988 FOH Guidance.

> **Thus, as the law currently stands, Plaintiffs are free to base their claims on the 80/20 Rule, as embodied by the DOL's subregulatory guidance interpreting the Dual Jobs Regulation.**

*Id*. at \*16-\*17 (emphasis added).

As the *Green* Court stated, the 80/20 Rule has not been abolished and still exists as part of the subregulatory guidance issued by the DOL. *Id*.  Like in *Green*, Plaintiff is still entitled to base his claims on the 80/20 Rule and the claim that Hard Rock required him to perform tasks unrelated to the job of a tipped worker. [8]

In addition to the *Green* decision, in *Harding v. Steak N Shake*, the court affirmed the validity of the 80/20 Rule after applying the *Loper-Bright* test. *Harding v. Steak N Shake, Inc.*, No. Civ. A. 1:21-CV-1212; 2024 U.S. Dist. LEXIS 145232, at \*20-24 (N.D. Ohio Aug. 15, 2024).  The *Harding* Court summarized its findings as follows:

> Having completed the analysis above, the Court will apply the 1967 dual jobs regulation and the 80/20 rule to Plaintiffs' FLSA claim. *See Toro*, 2024 U.S. Dist. LEXIS 2753, 2024 WL 69578, at \*3 ("To sum up, only the 1967 Regulation and 1988 Guidance govern Plaintiff's FLSA claim."). The Court will not apply the 2018 Letter or the 2021 regulation.
>
> Applying these standards, two rules emerge. First, <u>Steak N Shake may not claim a tip credit for time its servers performed unrelated work</u>. Second, Steak N Shake may claim a tip credit for time servers performed tip-supporting work <u>so long as tip-supporting work did not exceed 20% of a server's working hours</u>.

*Id*. at \*30-31 (emphasis added).

---

[8] The defendant in *Green* conceded that the *Restaurant Law Center* decision did not "abolish" the illegality of a tipped worker performing tasks unrelated to the tipped occupation. *Green*, 2024 U.S. Dist. LEXIS 219993 at \*13 ("Defendants argue that after *Restaurant Law* Center, only the Dual Jobs Regulation's concept of *unrelated* side work remains intact."). Unlike the defendant in *Green*, here Hard Rock maintains that following the *Restaurant Law Ctr*. decision, it is now permissible to pay servers and bartenders $2.13 per hour and force them to work as cooks in the kitchen and janitors who clean bathrooms – which are tasks unrelated to the job of a tipped employe.

10

In summary, Hard Rock's arguments are contrary to the case law and the subregulatory guidance interpreting the dual jobs regulations. Accordingly, Hard Rock's Motion should be denied.

### III.     ARGUMENTS AND AUTHORITIES

**A. With the prior dual jobs regulation being reinstated, the 80/20 Rule is the law applicable to tipped workers. The Supreme Court's decision in *Loper Bright* requires the 80/20 Rule to be followed.**

While Hard Rock concedes that the prior dual jobs regulation is now in effect,[9] Hard Rock believes that the 80/20 Rule is no longer the law. Hard Rock's position is without merit because every circuit court to have considered the 80/20 Rule under the prior dual jobs regulation (which is now the law) found the 80/20 Rule to be valid under the FLSA. *See Marsh*, 905 F.3d at 625; *Fast,* 638 F.3d at 879-81; *Rafferty*, 13 F.4th at 1185; *see also Flood*, 94 F. Supp.3d at 583-84 (collecting cases); *see also Harding v. Steak N Shake, Inc.*, No. Civ. A. 1:21-CV-1212; 2024 U.S. Dist. LEXIS 145232, at *20-24 (using *Loper Bright* standard to find the 80/20 Rule to be valid). Courts agree that the 80/20 Rule ensures that employers cannot skirt the FLSA's protections for tipped employees by paying an employee with a job title associated with tips (such as "waiter") below the minimum wage when that employee performs a significant amount of non-tipped work. *See id*. That dual jobs regulation is in effect again.

During oral argument for the *Restaurant Law Ctr*. case, the Fifth Circuit asked the attorney representing the Restaurant Law Center whether a circuit split would be created if the Fifth Circuit were to vacate the Final Rule (a link to the oral argument is provided for the Court's convenience).[10] The attorney representing the Restaurant Law Center acknowledged that a circuit split would be

---

[9] Dkt. 23 at PageID 267 ("Accordingly, here, the prior regulation [] is reinstated.").

[10] https://www.ca5.uscourts.gov/OralArgRecordings/23/23-50562_4-29-2024.mp3, last visited January 9, 2025. The relevant discussion took place at time 42:39 to time 43:44.

created because the Eighth Circuit, Ninth Circuit, and Eleventh Circuit have found the 80/20 Rule to be valid based upon the subregulatory guidance that still exists.[11]  Hard Rock's only argument is that the Eighth, Ninth, and Eleventh Circuits simply got it wrong.

Hard Rock's position is baseless. For example, in *Rafferty*, the Eleventh Circuit interpreted the prior dual jobs regulation  and held that it incorporated the 80/20 Rule using a statutory analysis that is consistent with the *Loper Bright* decision. *Rafferty*, 13 F.4th at 1188-90.  Indeed, the Eleventh Circuit used the traditional tools of statutory and regulatory interpretation. *Id*. at 1189. The Eleventh Circuit stated as follows:

> By using the term "occasionally," the dual-jobs regulation also informs us that a tipped employee may perform nontipped  duties that are a part of her tipped occupation only "from time to time[;] [n]ot habitual[ly]; infrequent[ly]." Occasional, *The American Heritage Dictionary*, at 1215 (4th ed.). And the word "substantial," which quantifies how much time spent on related untipped duties is too much time, means "considerable in quantity." https://www.merriam-webster. com/dictionary/substantial (last visited Sept. 15, 2021). **We conclude that a twenty-percent limit on the hours in which a tipped employee may perform untipped related tasks best complies with the temporal limits the regulation places on such duties.**

*Id*. at 1188-89 (emphasis added).

The Eleventh Circuit also noted that the 80/20 Rule has been the law under the FLSA for approximately 30 years. *Id*. at 1189.  Again, this analysis is entirely consistent with the *Loper Bright* decision as the Supreme Court explained that "interpretations [] which have remained consistent over time, may be especially useful in determining the statute's meaning." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2262 (2024) (emphasis added).  As noted earlier, the 80/20 Rule was promulgated in the 1980's and has largely been unchanged.

---

[11] *Id*.

Plaintiff anticipates that Hard Rock will argue that the *Rafferty, Fast,* and *Marsh* decisions were wrongly decided because they relied upon the *Chevron* standard.  This argument fails.  For instance, the Eleventh Circuit made clear that it did not apply *Chevron* deference to reach the conclusion that the 80/20 Rule was valid. *Rafferty*, 13 F.4th at 1188-90.  Instead, the Eleventh Circuit used the traditional tools of interpretation to reach that conclusion. *See id*.  The Eleventh Circuit looked at the plain language of the FLSA and the dual jobs regulation and concluded that the "twenty-percent limitation reasonably construes the dual jobs regulation." *Id*. at 1189.

Even if the *Rafferty, Fast,* and *Marsh* decisions had relied on *Chevron*, they would still constitute precedent for courts to follow.  In fact, the Supreme Court in *Loper Bright* expressly stated that by "overruling *Chevron*, [] the Court does not call into question prior cases that relied on the *Chevron* framework." *Loper Bright Enters*., 144 S. Ct. at 2253.  Those prior cases are "still subject to statutory stare decisis." *Id*. In other words, the *Loper Bright* decision is to be applied prospectively and all prior cases finding a regulation to be valid are still good law.  It is also important to note that the court in *Harding v. Steak N Shake* recently interpreted the prior dual jobs regulation under the *Loper Bright* standard. *See Harding*, 2024 U.S. Dist. LEXIS 145232, at *20-24.  The *Harding* court found the 80/20 Rule to be a valid application of the FLSA. *Id*. at *23-24.

Nevertheless, Hard Rock asks this Court to disregard this weight of authority affirming the 80/20 Rule.  Hard Rock's position is without merit. *See Haase*, 2024 U.S. Dist. LEXIS 355; *Toro*, 2024 U.S. Dist. LEXIS 2753; *Roberson*, 2020 U.S. Dist. LEXIS 232323.  The 80/20 Rule is still the law under the FLSA. *Green*, 2024 U.S. Dist. LEXIS 219993 at *15-17.  As such, Hard Rock's Motion should be denied.

13

**B. This Court should continue to apply the 80/20 Rule and not follow the non-binding *Restaurant Law Center* decision.**

In recent years, the Fifth Circuit has issued decisions interpreting the FLSA that other courts chose not to follow. For instance, the Fifth Circuit was the first circuit to depart from the traditional two stage method for certification of a collective action under the FLSA. *See Swales v. KLLM Transport. Serv.*, LLC, 985 F.3d 430 (5th Cir. 2021). After the *Swales* decision, courts largely chose not to follow the Fifth Circuit's reasoning.[12] The *Restaurant Law Center* decision similarly departs from established FLSA authority.

The *Restaurant Law Center* decision should not be followed for several reasons.  First, its reasoning is based upon a definition of the word "engage" that is inconsistent with the definition of the word as it existed in 1967.[13]  Even though in 1967 "engaged" meant "busy or occupied," the Fifth Circuit chose a different dictionary definition that enabled the panel to define the word "engaged" as "employed." *Restaurant Law Ctr.*, 120 F.4th at 171-72 & n. 3. The Court's analysis of the term "occupation" is similarly flawed as the decision again does not use the 1967 definition. *See id.* at 171-72 & n. 5-7. In doing so, the Fifth Circuit wrongly emphasizes a worker's job title rather than the actual duties that the worker performs.  By placing the focus on the job title instead of the duties that the worker is required to perform could lead to a result where, for instance, 75 percent of a server's time is spent cleaning tables rather than serving customers, all while being

---

[12] *See, e.g.*, *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009-10 (6th Cir. 2023) (rejecting *Swales* method); *Santos v. E&R Servs. Inc.*, No. DLB-20-2737, 2021 U.S. Dist. LEXIS 244897, 2021 WL 6073039, at *3 (D. Md. Dec. 23, 2021) (declining "to break from 20 years of precedent applying the two-stage certification process"); *McCoy v. Elkhart Prods. Corp.*, No. 20-cv-5176, 2021 U.S. Dist. LEXIS 26069, 2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) ("The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this issue.").

[13] Courts must interpret a statute's text in accordance with its "ordinary, *contemporary*, and common meaning." *See Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022) (emphasis added); *accord Deutsche Bank Nat'l Tr. Co. v. Tucker*, 621 F.3d 460, 462 (6th Cir. 2010).

14

paid below the minimum wage. This result is plainly inconsistent with the intention of Congress to protect tipped workers from unfair and oppressive working conditions.

Second, the *Restaurant Law Center* decision appears to turn a blind eye to *Loper Bright*'s mandate that courts interpreting statutes consider longstanding agency practice as persuasive. *See Loper Bright Enters.*, 144 S. Ct. at 2262. The Fifth Circuit does not even consider the mix of factors courts are directed to consider in gauging persuasiveness, including "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, and its consistency with earlier and later pronouncements." *Rhinehimer v. U.S. Bancorp Invs., Inc.*, 787 F.3d 797, 810 (6th Cir. 2015) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

Third, the Fifth Circuit held that the Final Rule was arbitrary and capricious under section 706(2)(a) even though review under section 706(2)(a) is "narrow and highly deferential." *Northwoods Wilderness Recovery, Inc. v. USDA Forest Serv.*, 192 F. App'x 369, 374 (6th Cir. 2006). Indeed, under this standard, "[t]he court presumes that the agency complied with the law," and it "may not substitute its judgment for that of the agency." *Id.* (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415-17 (1971). And courts are required to uphold an agency's action as long as the agency has "reasonably considered the relevant issues and reasonably explained the decision." *Chamber of Commerce of United States v. SEC*, 115 F.4th 740, 749 (6th Cir. 2024) (quoting *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)). However, no reasonable basis analysis was conducted by the Fifth Circuit.

Fourth, the Fifth Circuit takes issue with what it refers to as the "temporality" aspect of the 80/20 Rule. *Restaurant Law Ctr.*, 120 F.4th at 176. However, as the Fifth Circuit made clear, the dual jobs regulation from 1967 still applies. *See id.* at 174. The Fifth Circuit's reasoning is therefore inconsistent, as the dual jobs regulation from 1967 also includes a temporality aspect.

15

Specifically, it allows the tip credit to be taken only if the nontipped work is performed "occasionally." 29 C.F.R. § 531.56(e) (1967) (a waitress is not performing a separate job when she spends "*part of her time* cleaning and setting tables, toasting bread, making coffee and *occasionally* washing dishes or glasses.") (emphasis added). The Fifth Circuit neither acknowledged nor explained this inconsistency. In fact, the Fifth Circuit's reasoning is contrary to the plain meaning of the words "part of her time" and "occasionally." Again, the prior dual jobs regulation was referred to as "mostly fine" by the Fifth Circuit. *Id*. at 175, n.10.

Finally, the legal issue presented in *Restaurant Law Center* was the validity of the Final Rule. That Final Rule is no longer relevant. *See Green*, 2024 U.S. Dist. LEXIS 219993, at *13-14. "[T]he precise legal issue in *Restaurant Law Center* was 'the validity of the [2021] Final Rule as an interpretation of the FLSA'—not, as here, the validity of the DOL's subregulatory guidance as an interpretation of the Dual Jobs Regulation." *Id*. "Thus, while the demise of *Chevron* featured heavily in *Restaurant Law Center*, it does not bear on the Court's application of the 1988 FOH Guidance." *Id.* at *14. For this reason alone, the Fifth Circuit's *Restaurant Law Center* opinion offers little guidance to the question whether the DOL's interpretation of its own dual jobs regulation as stated in the Field Operation Handbook is valid. *See id.* For these reasons, the *Restaurant Law Center* decision should not be followed and Hard Rock's Motion should be denied.

### C. Plaintiff has pleaded a viable claim that he was required to perform work that does not generate tips but is related to the job of a tipped occupation for a continuous, prolonged period while being paid below the minimum wage.

In addition to Plaintiff's claim that Hard Rock violated the 80/20 Rule, Plaintiff has asserted a claim that Hard Rock required Plaintiff to perform non-tipped work related to his tipped occupation for a continuous, prolonged period while being paid below the minimum wage. This claim is a viable claim under the FLSA, even after the *Restaurant Law Center* decision. Hard

Rock describes this claim as the "30 Minute" claim and states that it "is not supported by the now applicable version of the regulation (i.e., the 1967 version of the regulation)." (Dkt. 23 at PageID 270.). Here again, Hard Rock is wrong on the law.  Requiring a tipped worker to perform non-tipped work for a continuous and prolonged period of time has always constituted a violation of the FLSA.

As noted earlier, the DOL was given express authority from Congress to interpret the FLSA and the DOL has always taken the position that the tip credit cannot be claimed when a tipped employee spends a substantial and continuous period of time performing general preparation work. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA–854 (Dec. 20, 1985).  That means, under the FLSA, if a tipped employee is required to perform non-tipped work for a continuous, prolonged period, that employee is no longer in a tipped position and must be paid at the full minimum wage rate for that period spent performing non-tipped work. *See id*.

In 1985, the DOL addressed the situation in which a restaurant employer asked whether an employee, who was hired as a waiter but was assigned to arrive at the restaurant at least two hours before opening to perform general preparatory duties, was employed in two different occupations. *Id*. The DOL concluded that the general preparatory duties that the waiter was required to perform constituted a separate occupation, and "no tip credit may be taken for the hours spent by an assigned waiter or waitress in opening responsibilities." *Id.* This Opinion Letter has been held by courts across the country to constitute a valid a statement of the law for tipped workers.  *See, e.g., Marsh,* 905 F.3d at 630-31; *Rafferty*, 13 F. 4th at 1173.

Importantly, the 1985 Opinion Letter is the type of authority that the Sixth Circuit has relied upon when interpreting the FLSA. *See, e.g.*, *Stein v. hhgregg, Inc.*, 873 F.3d 523, 533-34 (6th Cir. 2017) (giving deference to three DOL Opinion Letters).  Based upon the 1985 Opinion Letter,

17

Plaintiff has pleaded a viable claim under the FLSA for being required to arrive at least one hour *before* Hard Rock opened for business to perform general preparation duties. (Dkt. 1 at PageID 11 (¶ 39)). Plaintiff has also pleaded that he was required to stay *after* the restaurant closed to perform side work. *Id*. During this time, Plaintiff was paid less than the minimum wage. *Id*. (¶ 40). These facts establish a violation of the FLSA. *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA–854 (Dec. 20, 1985) (stating "if specific employees are routinely assigned to maintenance-type work or…tipped employees spend a substantial amount of time in performing general preparation work or maintenance, we would not approve a tip credit for hours spent in such activities.")

It is also important to note that even when the Trump administration attempted to rescind the 80/20 Rule, the Trump administration acknowledged that if a tipped employee performs "related work" that does not generate tips and the work is not performed "within a reasonable time immediately before or after the tipped activities," then a violation of the FLSA has occurred. *See* 85 Fed. Reg. at 86,767. That is precisely what Plaintiff has asserted. It would be plainly inconsistent with the text of the FLSA and the dual jobs regulation for a server to arrive at least one hour before the restaurant is open for business or to stay after the restaurant is closed to perform nothing but cleaning or general preparation work. Performing that type of work for such a period of time is entirely different than the work that a tipped employee is to perform. Taking the facts as stated in Plaintiff's Complaint as true, Plaintiff has pleaded a viable claim under the FLSA. Accordingly, the Court should deny Hard Rock's Motion.

18

**D. The *Restaurant Law Ctr*. decision did not alter the law that tipped workers are not allowed to perform work that is not a part of their tipped occupation. Plaintiff has properly asserted a claim against Hard Rock for requiring Plaintiff to perform work unrelated to his tipped occupation while being paid below the minimum wage.**

Hard Rock believes that following the *Restaurant Law Ctr*. decision, it is now permissible to pay servers and bartenders $2.13 per hour and force them to work as cooks in the kitchen and janitors who clean bathrooms so long as they earn more than $30 in tips per month. However, the *Restaurant Law Ctr*. decision (and every court in the country) has rejected this very argument. The Fifth Circuit stated: "we do not hold that § 203(t) can be read as: 'tipped employee' means any employee who customarily and regularly receives more than $30 a month in tips." *Restaurant Law Ctr*., 120 F.4th at 174. Instead, the Fifth Circuit was careful to clarify that it was not invalidating the dual jobs regulation but was simply vacating the new provisions that were enacted in December 2021. *Id.* (stating "in no way does our holding bear on the validity of the dual-jobs regulation, which is not challenged here.").

More importantly, the *Restaurant Law Ctr*. decision reaffirms that a tipped worker can only be paid the sub-minimum wage when those employees are performing work that is related to their tipped occupation. *Id*. at 174-75. Indeed, the Fifth Circuit stated as follows:

> "Dual" really means dual. The 1967 regulation envisioned two unrelated and separate occupations: maintenance work and waitressing. 29 C.F.R. § 531.56(e) (1967-2021).

*Id*. at 174. The Fifth Circuit then explained that "it would be questionable under this conception to say that a mechanically savvy waitress who fixes up her restaurant's refrigerator is in that moment fulfilling a duty of a waitress" and thus, cannot be paid below the minimum wage for the time spent fixing the refrigerator. *See id*. at 175.

However, that is the position that Hard Rock has taken. Hard Rock's argument is specious, at best. The plain text of the FLSA states that a "[t]ipped employee" is "any employee engaged in

19

an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. 203(t) (emphasis added).  Further, as noted earlier, the legislative history of the 1974 amendments to the FLSA (page 43 of Senate Report No. 93-960, February 22, 1974), explains that the work of janitors and dishwashers is not tipped work and not eligible for the tip credit, even if they are paid more than $30 per month in tips.

Even during the brief period of time when the Trump administration tried to rescind the 80/20 Rule, the DOL still took the position that it would be a violation of the tip credit provision of the FLSA for an employer to require its tipped workers to perform work unrelated to their tipped occupation and pay them less than the minimum wage for that time. *See* 85 Fed. Reg. at 86,767.

On this point, the law is clear.  An employer can only claim the tip credit when an employee performs work that is part of the tipped occupation. *See, e.g.*, *Rafferty*, 13 F. 4th 1166, 1190 (finding that "scrubbing walls; cleaning and scrubbing refrigerators, sinks trays, and bins; and detail cleaning the expeditor line" are not part of a tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties…such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

Hard Rock has tried to frame all of Plaintiff's allegations into one category of tasks *related* to the tipped, server occupation, stating that every one of Plaintiff's claims are "rooted in" the 80/20 Rule. (*See* Dkt. 23 at PageID 259); *id.* at PageID 268 (Plaintiff's allegations relating to this concept [work that is not part of the employee's tipped occupation] are fully rooted in the now vacated Final Rule.").

20

Hard Rock's argument is without merit because Plaintiff has specifically asserted that Hard Rock required him to perform work unrelated to his tipped occupation.  For example, Plaintiff alleged:

> ¶ 29.  As outlined above, however, Defendant was prohibited from taking a tip credit when (1) [**its] tipped employees performed work that is not part of the employee's tipped occupation**.

(Dkt. 1 at PageID 7) (emphasis added).

Plaintiff further asserted:

> ¶ 32.  The requirement of Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to work prior to Defendant's restaurants opening, and after the restaurants closing, when there are similarly no customers, was both mandatory and **required to perform "work that is not part of the tipped occupation,"** as well as nontipped but "directly supporting work" for a "substantial amount of time," as those terms are used in the FLSA, 29 C.F.R. § 531.56. Similar violations occurred during the middle of the shifts when there were periods of time without customers.

(*Id*. at PageID 8) (emphasis added).

Similarly, Plaintiff alleged:

> ¶ 35. *First*, during the required pre-opening time, as outlined above, as well as during their shifts and after the restaurant closed at the end of their shifts, Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class were **required to perform tasks that the DOL has identified as "[w]ork that is not part of the tipped occupation."**

(*Id.* at PageID 9) (emphasis added).

Furthermore, Plaintiff listed specific examples of the kinds of activities that are not part of a tipped occupation that he was required to perform, including but not limited to polishing silverware, preparing fruit, and folding linen. (*Id.* at PageID 8-9, (¶ 33)). This non-exhaustive list are tasks unrelated to the job of server. *See, e.g*., *Harding*, 2024 U.S. Dist. LEXIS 145232 (granting summary judgment to servers who were required to "polish stainless steel rails," "sweep and mop," and "empty trash" while being paid an hourly rate below the minimum wage).

Because Plaintiff has asserted a viable claim that Hard Rock required Plaintiff to perform work unrelated to his job as a server and paid him below the minimum wage when he performed that work, the Court should deny Hard Rock's Motion as to this claim as well.

**E. In the alternative, if the Court finds Plaintiff's Complaint to be deficient following the *Restaurant Law Center* decision, Plaintiff respectfully requests the opportunity to amend his Complaint.**

While Plaintiff believes that his Complaint properly asserts the three violations of the FLSA described herein, if the Court believes that any part of the Complaint is deficient, Plaintiff respectfully requests the opportunity to file an amended complaint. Generally, courts should allow a party the opportunity to cure pleading deficiencies before granting a dismissal with prejudice. *See, e.g.*, *Rashada v. Flegel*, No. Civ. A. 23-1674, 2024 U.S. App. LEXIS 7883, at *11-12 (6th Cir. 2024).

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Hard Rock's Motion for Partial Judgment on the Pleadings.

Respectfully submitted,

By: */s/ Don J. Foty*
Don J. Foty (admitted *pro hac vice*)
Texas Bar No. 24050022
HODGES & FOTY, LLP
2 Greenway Plaza, Suite 250
Houston, TX 77046
Tel: (713) 523-0001
dfoty@hftrialfirm.com

Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
SCOTT & WINTERS LAW FIRM, LLC
P: (216) 912-2221
F: (440) 846-1625
50 Public Square, Suite 1900

22

Cleveland, Ohio 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
P: (216) 912-2221
F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Matthew S. Grimsley (0092942)
THE LAZZARO LAW FIRM, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
matthew@lazzarolawfirm.com

*Counsel for Plaintiff, Opt-In Plaintiffs, and Putative Class Members*

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that the following document was filed on January 9, 2025 using the Court's ECF which will provide an electronic copy to all counsel of record.

*/s/ Don J. Foty*
Don J. Foty

.

23