**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ZAC FRANCIS, | ) | CASE NUMBER: 1:23-CV-00760-TSB |
| | ) | |
| *Individually and on behalf of all others similarly situated,* | ) | JUDGE TIMOTHY S. BLACK |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HARD ROCK CAFE INTERNATIONAL (STP), INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.      PRELIMINARY STATEMENT**

Contrary to any assertion otherwise, Plaintiff Zac Francis ("Plaintiff") asserts a non-tipped duties theory directly tied to the language and terminology used within the now vacated aspects of 29 C.F.R. § 531.56, especially 29 C.F.R. § 531.56(f) (referred to herein as the "Vacated Final Rule"). *See, e.g.*, Compl., ECF No. 1 at PageID 5-13 (¶¶ 21-44). Not only does his Complaint quote extensively from the Vacated Final Rule, *see, e.g.*, Compl., ECF No. 1 at PageID 5-7 (¶¶ 24-27), but the "rules," factual allegations, and concepts that form the basis of his Complaint also stem from the Vacated Final Rule, *see, e.g.,* Compl., ECF No. 1 at PageID 5-11 (¶¶ 24-40). Plaintiff, however, would have this Court find that the Fifth Circuit's decision vacating the source upon which his non-tipped duties theory rests has no impact on the viability of his theory. Ironically, even the United States Department of Labor ("DOL") – under the same Administration that promulgated the Vacated Final Rule – has embraced the Fifth Circuit's conclusion as well as its rationale.

As a preliminary matter, rather than challenge the Fifth Circuit's decision, the DOL sought clarification as to the meaning of the vacatur.  The Fifth Circuit provided this clarity emphasizing that it was vacating "the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967."  *Rest. L. Ctr. v. U.S. Dept. of Labor*, 120 F.4th 163, 177 (5th Cir. 2024).  There can be no dispute that the 1967 version of the dual jobs regulation does **not** expressly provide for either an 80/20 Rule or a 30 Continuous Minutes Rule.  In fact, the 1967 version of the dual jobs regulation specifically allows waiters to engage in supporting work without losing their status as "tipped employees," even if that supporting work does not directly produce tips.

Further, recognizing that "a federal appeals court issued an order vacating regulatory text from the Department's 2021 Dual Jobs Rule, with the effect of reinstating the Department's original FLSA regulation on the topic," the DOL issued a final rule reinstating the applicable regulatory text by amending 29 C.F.R. § 531.56(e) and removing 29 C.F.R. § 531.56(f).  Tip Regulations Under the Fair Labor Standards Act (FLSA), Restoration of Regulatory Language, 89 Fed. Reg. 101884, 101884-101887 (Dec. 17, 2024) (amending 29 C.F.R. § 531.56).  Accordingly, and consistent with the Fifth Circuit's decision, the regulation now reads:

> (e) *Dual jobs.*  In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter.  In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter.  He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man.  Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses.  It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group.  Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e); *see also* 89 Fed. Reg. at 101887.  Noticeably absent from the reinstated regulation is any mention of the concepts and terminology articulated in the Complaint, including

2

tip-producing work, directly supporting work, substantial amount of time, and work that is not part of the tipped occupation.  There is also no mention of either the 80/20 Rule or the 30 Continuous Minutes Rule that were contained within the Vacated Final Rule.  The current version of the regulation also reintroduces the counterexamples distinguishing someone truly working two separate, unrelated jobs (a maintenance person and a server) from "a waitress who spends part of her time" performing tasks, such as "cleaning and setting tables, toasting bread, [and] making coffee," or "occasionally wash[es] dishes or glasses," and from a counterman who (and without any temporal restriction) prepares his own short orders (*i.e.*, preparing his own food).  And, the regulation emphasizes that related duties do not need to directly produce tips.

Furthermore, the DOL (again, under the same Administration that had promulgated the Vacated Final Rule) also updated its Field Operations Handbook giving effect to the Fifth Circuit's decision as well as its rationale for vacating the 2021 version of the dual jobs regulation. Specifically, the DOL removed the 80/20 Rule from its Field Operations Handbook.  *See* U.S. Dept. of Labor, Field Operations Handbook, 30d06 (Jan. 14, 2025).  In other words, as with the regulation, itself, completely absent from the DOL's updated Field Operations Handbook – and consistent with the Fifth Circuit's decision – is any mention of the 80/20 Rule or the 30 Continuous Minutes Rule.  *See id.*

However, unlike the DOL, which has embraced the rationale and pronouncements made by the Fifth Circuit, Plaintiff continues to rely on deficient concepts (including the 80/20 Rule and the 30 Continuous Minutes Rule) from the Vacated Final Rule.  But, as the Fifth Circuit concluded, these concepts, as contained within the Vacated Final Rule, fail twice-over: "Because the Final Rule is contrary to the Fair Labor Standards Act's clear statutory text, it is not in accordance with

3

law. And because it imposes a line-drawing regime that Congress did not countenance, it is arbitrary and capricious." *Rest. L. Ctr.*, 120 F.4th at 166.

Reliance on non-binding case law from prior to the Fifth Circuit's decision and from before the DOL revised its Field Operations Handbook cannot save Plaintiff's claims tied to his non-tipped duties theory.  It would defy logic to permit an agency's sub-regulatory statements on a regulation to achieve something the regulation, itself, could not achieve.  More importantly, the sub-regulatory statement that provided support for the interpretation advocated by Plaintiff has been replaced by the DOL, and the superseding statement is devoid of the "rules" upon which Plaintiff's non-tipped duties theory is based.[1]  Moreover, when this non-binding case law is examined in view of the actual allegations asserted in the Complaint, even this case law – superseded by the Fifth Circuit's decision and the former Administration's own subsequent change to its sub-regulatory guidance – underscores the legal deficiency of Plaintiff's non-tipped duties theory. Accordingly, Defendant is entitled to judgment on the pleadings as to all counts to the extent they are based on Plaintiff's non-tipped duties theory.

## II.  LEGAL ARGUMENT

### A.  *Contrary to Plaintiff's argument otherwise, the 80/20 Rule is not the law applicable to tipped workers under the current dual jobs regulation.*

The Fifth Circuit "VACATE[D] the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967." *Id.* at 177.  Here, the parties agree that the prior dual jobs regulation is now in effect as does the DOL, who, on December 17, 2024, and consistent with the Fifth Circuit's decision in *Restaurant Law Center*, reinstated the applicable regulatory text by amending 29

---

[1] The DOL's revised Field Operations Handbook on dual jobs also removed any reference to prior DOL opinion letters in that section.

C.F.R. § 531.56(e) and removing 29 C.F.R. § 531.56(f).  *See* 89 Fed. Reg. at 101884-101887.

Accordingly, the pertinent part of the regulation provides:

> (e) *Dual jobs*.  In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter.  In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter.  He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man.  Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses.  It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group.  Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e).  In other words, the applicable version of the dual jobs regulation does **not** contain an 80/20 Rule.

Despite the Fifth Circuit's decision and the DOL's reinstitution of the prior dual jobs language, and without the Vacated Final Rule as support, Plaintiff argues that the 80/20 Rule is the applicable regulatory interpretation of the dual jobs regulation and is the law.  This, however, is problematic for several reasons.

Continuing to apply the 80/20 Rule requires this Court to ignore the fundamental flaws with the 80/20 Rule that were articulated by the Fifth Circuit.[2]  *See Rest. L. Ctr.*, 120 F.4th at 171-

---

[2] Plaintiff's efforts to relitigate the Fifth Circuit's *Restaurant Law Center* decision are unpersuasive.  For instance, Plaintiff asserts that the Fifth Circuit incorrectly relied on non-contemporaneous dictionary definitions; however, the Fifth Circuit discussed multiple contemporaneous dictionary definitions.  The Fifth Circuit's analysis is not undermined simply because the court did not rely exclusively on a single definition from one source that happened to be published the same year as the regulation (especially where that source was published the year *after* the tip credit was added to the FLSA).  In fact, the court considered definitions from several sources, and although two of those sources were published prior to the statutory amendment and the subsequent promulgation of the regulation, there is no indication that the editions in question were not still current (*i.e.,* contemporaneous) at the time the statute was amended and/or the regulation was promulgated.  *See Rest. L. Ctr.*, 120 F.4th at 171-172, n. 2-7.  Further, as to Plaintiff's argument about the longstanding nature of the 80/20 Rule, the Fifth Circuit did not ignore this pronouncement from *Loper Bright*, instead the Fifth Circuit recognized this pronouncement, but reiterated that no matter how longstanding an agency practice cannot override the plain language of a statute.  *Id.* at 174.  And, even if there were issues with the Fifth Circuit's arbitrary and capricious analysis (which there were not), that was not the sole basis for the Fifth Circuit's decision, but rather, the Fifth Circuit also held that: "[b]ecause the Final Rule is contrary to the Fair Labor Standards Act's clear statutory text, it is not in accordance with law."  *Id.* at 166.  Finally,

177; *see also* Def.'s Mem. Supp. Mot. J. Pleadings, ECF No. 23 at PageID 262-266.  Among other things, the Fifth Circuit took issue with the Vacated Final Rule, especially the 80/20 Rule and the 30 Continuous Minutes Rule, as it was inconsistent with the plain language of the Fair Labor Standards Act ("FLSA") as well as arbitrary and capricious as "it draws a line for application of the tip credit based on impermissible considerations and contrary to the statutory scheme enacted by Congress." *Rest. L. Ctr.*, 120 F.4th at 171-177.  In particular, the improper line drawing tied the tip credit to the nexus between a job duty and whether that duty produces tips as well as the amount of time spent on such duties.

In addition to having this Court ignore these deficiencies, Plaintiff would also have this Court find that the 80/20 Rule, which could not be contained within the regulation, itself, still exists through sub-regulatory statements and non-binding case law that largely rely on these sub-regulatory statements.  Even the DOL has not been that bold.  Instead, and after restoring the prior dual jobs language to the regulation, the DOL revised its Field Operations Handbook[3] eliminating any reference to the 80/20 Rule and thereby embracing the Fifth Circuit's conclusion that an 80/20 Rule is inconsistent with the plain language of the FLSA.  *See* U.S. Dept. of Labor, Field Operations Handbook, 30d06 (Jan. 14, 2025).  Specifically, the pertinent part of the Field Operations Handbook provides:

> The regulations also recognize that tipped employees may perform "related" duties that are not "themselves . . . directed toward producing tips," providing the examples of a server who "spends part of her time" performing non-tipped duties, such as "cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses," and "[a] counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as short order cook for the group. *See* 29 CFR 531.56(e). Thus, a tipped employee is still engaged in

---

much of Plaintiff's discussion, especially his arguments tied to the limited impact of the vacatur, is mooted by the DOL's subsequent actions, including its retreat from the 80/20 Rule in its revised Field Operations Handbook.

[3] Defendant acknowledges that the revisions to the DOL's Field Operations Handbook occurred after Plaintiff submitted his Response.

their tipped occupation when they perform nontipped duties that are related to their tipped occupation "occasionally" or for "part of the time." *Id.*

*Id.* at 30d06(b).

The DOL's sub-regulatory statements, especially given the revised Field Operations Handbook, do not support Plaintiff's argument that the 80/20 Rule applies to the applicable version of the dual jobs regulation.[4] Again, the Field Operations Handbook no longer references the 80/20 Rule. Further, and while the dual jobs section of the DOL's Field Operations Handbook no longer cites to any opinion letters, DOL opinion letters addressing the dual jobs regulation provide for a multi-faceted analysis of whether an individual is employed in dual jobs that extends well beyond a view of whether an individual engaged in related, non-tipped duties more than 20% of the time. For instance, in the 1985 opinion letter championed by Plaintiff, the DOL considered multiple factors in determining whether the employer was entitled to take a tip credit for time spent by a single waiter or waitress in relation to opening responsibilities:

> For example, a waiter or waitress who spends part of his or her time cleaning and setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though the duties listed above are not tip-producing. Therefore, tip credit could be taken for non-salad bar preparatory work or after-hours clean-up if such duties are incidental to the waiter or waitresses regular duties and are assigned generally to the waiter/waitress staff. However, where the facts indicate that specific employees are routinely assigned to maintenance-type work or that tipped employees spend a substantial amount of time in performing general preparation work or maintenance, we would not approve a tip credit for hours spent in such activities.

> In the situation you describe, only one waiter or waitress is assigned to perform all preparatory activities. The opening waiter or waitress' responsibilities extend to the entire restaurant rather than to the specific area or customers which they serve. Furthermore, the activities performed prior to the opening of the restaurant

---

[4] As one district court has stated following the Fifth Circuit's decision in *Restaurant Law Center*: "The Court need not and declines to opine on exactly what impact *Restaurant Law Center* would have on the instant case if the parties were to renegotiate or if P.F. Chang's were to move for reconsideration of their motion for judgment on the pleadings. **However, as a matter of common sense, a decision vacating the rule upon which Plaintiff's entire case is based would place Plaintiffs in a less advantageous position in either settlement negotiations or continued litigation.**" *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18-3831, 2024 WL 4988969, at *3, n.4 (E.D. Pa. Dec. 5, 2024) (internal citation omitted and emphasis added).

> consume a substantial portion of the waiter or waitress's workday. Although you have stated that a waiter or waitress may work an eight-hour shift, typically they work a five-hour shift from 9 am to 2 p.m. The 1.5 to 2 hours of preparatory time constitutes 30% to 40% of the employee's workday.

Opinion Letter Fair Labor Standards Act (FLSA), FLSA-854, 1985 WL 1259240, at *2 (Dec. 20, 1985). This opinion letter does not reference an 80/20 Rule. Instead, the DOL looked at more than the amount of time the employee performed certain duties to decide whether the employer was entitled to a tip credit for the time spent on such non-tipped, but related duties, including how many individuals were assigned to this work as well as what areas were covered by these tasks.[5]

Interestingly, Plaintiff asserts that "the 80/20 Rule is the law" in the Sixth Circuit; this assertion, however, is based on a non-binding district court case as opposed to any binding authority from the Sixth Circuit. *See* Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 295 (citing *Haase v. Cameron Mitchell Rests., LLC*, No. 2:23-cv-1316, 2024 U.S. Dist. LEXIS 355, 2024 WL 23159, **3-8 (S.D. Ohio Jan. 2, 2024)). Continued, unquestioned reliance on the district court's decision in *Haase* (as well as the other decisions relied upon by Plaintiff)[6] fails to account for the developments that have occurred since that decision, including the Fifth Circuit's *Restaurant Law Center* decision, the reinstitution of the prior version of the regulation,

---

[5] In another opinion letter, the DOL considered a situation where "the tipped employees clean the salad bar, place the condiment crocks in the cooler, clean and stock the waitress station, clean and reset the tables (including filling cheese, salt and pepper shakers) and vacuum the dining room carpet, after the restaurant is closed." Opinion Letter Fair Labor Standards Act (FLSA), WH-502, 1980 WL 141336, at *1 (Mar. 28, 1980). In that situation, the DOL stated that "[i]nsofar as the after-hours clean-up you describe are assigned generally to the waitress/waiter staff, we believe that such duties constitute tipped employment within the meaning of the regulation. We might have a different opinion if the facts indicated that specific employees were routinely assigned, for example, maintenance-type work such as floor vacuuming." *Id.*

[6] Plaintiff also overstates the conclusions and analysis of the Eleventh Circuit's *Rafferty* opinion. For instance, Plaintiff claims that "[t]he Eleventh Circuit also noted that the 80/20 Rule has been the law under the FLSA for approximately 30 years." Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 298 (citing *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1189 (11th Cir. 2021)). This is not, however, what the court said. Rather, *Rafferty* states that the DOL has interpreted the Dual Jobs regulation to include an 80/20 requirement for 30 years. *Rafferty*, 13 F.4th at 1189 ("twenty percent is consistent with thirty years of DOL interpretation of the dual-jobs regulation . . . ."). Such a long-standing interpretation of a regulation (and not the statute, itself), however, is not sufficient to overcome the plain language of the statute. *Rest. L. Ctr.*, 120 F.4th at 174. Further, the DOL has again stepped back from this interpretation of the regulation as it removed the 80/20 Rule from its Field Operations Handbook.

and the DOL's implementation of a revised Field Operations Handbook provision removing the 80/20 Rule.[7]  Notably, in *Haase*, which is a pre-*Loper Bright* and pre-*Restaurant Law Center* case, the district court discussed dual jobs, including the 1967 Regulation, the 1988 Guidance, the 2018 Guidance, and the 2021 Regulation (*i.e.*, the rule that would subsequently be vacated by the Fifth Circuit).  And, in looking at the deference to give the 1988 Guidance (*i.e.*, a prior version of the Field Operations Handbook), the district court noted that the DOL "eventually turned" the 1988 Guidance "into a formal rule," and subsequently applied *Chevron* deference to the 2021 Regulation.[8]  *Haase v. Cameron Mitchell Rests., LLC*, No. 2:23-cv-1316, 2024 WL 23159, **7-9 (S.D. Ohio Jan. 2, 2024).  The role the Vacated Final Rule played in the district court's analysis cannot be underestimated; however, that rule no longer exists.  Further, the 1988 Guidance has been superseded by the 2025 Guidance, which while interpreting the same language as the 1988 Guidance, does not contain an 80/20 Rule.  Simply put, the analysis and conclusions conducted in

---

[7] Plaintiff's "anticipatory" arguments relating to *Chevron* and *Loper Bright* attempt to shift focus away from the real items at issue here.  The discussion of *Chevron* and *Loper Bright* were relevant when the 80/20 Rule (and the 30 Continuous Minutes Rule) were part of the regulation, itself.  However, the Fifth Circuit vacated that regulation because it conflicted with the plain language of the FLSA (and the DOL embraced the decision by implementing a new regulation).  In contrast, the question posed by Plaintiff is whether the 80/20 Rule is a valid interpretation of the dual jobs regulation (and, again, the DOL, itself, has removed the 80/20 Rule from its Field Operations Handbook, the sub-regulatory basis for that interpretation).  Further, Plaintiff's efforts to suggest that *Rafferty* conducted the type of analysis required by *Loper Bright* glances over the analysis actually conducted by the Eleventh Circuit.  Specifically, the Eleventh Circuit spent time analyzing and defining "substantial," which is a word not found in the tip credit provisions of the FLSA, *see* 29 U.S.C. § 203(m), (t), nor is it found in the applicable version of the dual jobs regulation, *see* 29 C.F.R. § 531.56(e)), while also ignoring the phrase "part of her time" as contained within the dual jobs regulation.  *Rafferty*, 13 F.4th at 1188-1189.  In other words, *Rafferty*'s analysis ignores that "occasionally" only modifies a waitress's duty of "washing dishes or glass" while the "part of [the] time" applies to other supporting tasks.
[8] The district court in *Haase* applied *Auer* deference to the 1988 Guidance and *Chevron* deference to the 1967 and 2021 Regulations.  *See Haase*, 2024 WL 23159 at **3-9.  However, in *Harding v. Steak N Shake, Inc.*, No. 1:21-cv-1212, 2024 WL 3833341 (N.D. Ohio Aug. 15, 2024), the court noted that *Auer* deference is the incorrect analytical framework for the 1988 Guidance, *id.* at *8, and that applying *Chevron* to the regulation was inconsistent with *Loper Bright* precluding that aspect of the *Haase* court's analysis from being good law, *id.* at *7, n.5.  With that said, *Harding*, as with *Haase*, was decided before the Fifth Circuit's *Restaurant Law Center* decision as well as before the DOL revised its Field Operations Handbook to remove any reference to the 80/20 Rule.  These subsequent developments, as well as the analysis set forth in *Restaurant Law Center*, undermine the continued applicability and underlying viability of these non-binding district court opinions.

these cases fail to account for the recent developments that undermine the validity of the prior analysis and conclusions.[9]

The Fifth Circuit "VACATE[D] the Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967." *Rest. L. Ctr.*, 120 F.4th at 177. In reaching this decision, the Fifth Circuit also removed any basis for continued reliance on the DOL's sub-regulatory guidance regarding the 80/20 Rule. Simply put, and as the Fifth Circuit emphasized, "[w]e are not persuaded that the 80/20 standard, however longstanding, can defeat the FLSA's plain text." *Id.* at 174. More importantly, the DOL embraced the Fifth Circuit's decision and has moved away from drawing the type of temporal bright lines advocated for by Plaintiff here.

Ultimately, Plaintiff asks this Court to find that the 80/20 Rule, which could not be contained within the regulation, itself, still exists through now defunct sub-regulatory statements and non-binding case law that largely rely on the same defunct sub-regulatory statements. However, as articulated by the Fifth Circuit, and as subsequently embraced by the DOL, the 80/20 Rule is not consistent with the FLSA. Accordingly, Defendant is entitled to judgment on the pleadings to the extent Plaintiff's claims are based on that theory.

> **B.** **Plaintiff's argument concerning the non-existent 30 Continuous Minutes Rule (or as articulated in his Response, "a continuous, prolonged period") should be rejected.**

Plaintiff also claims another non-tipped duties theory based on the assertion that "Defendant was prohibited from taking a tip credit when . . . their tipped employees performed

---

[9] In his Response, Plaintiff also cites to *Green v. Perry Rests. Ltd*, a district court case from Colorado, and in doing so, he relies on the district court's pronouncement that: "Thus, as the law currently stands, Plaintiffs are free to base their claims on the 80/20 Rule, as embodied by the DOL's subregulatory guidance interpreting the Dual Jobs Regulation." Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 295-296 (quoting *Green v. Perry Rests. Ltd.*, No. Civ. A. 21-CV-0023-WJM-NRN, 2024 U.S. Dist. LEXIS 219993 at **16-17 (D. Colo. Dec. 5, 2024)). Relying on *Green*, Plaintiff then claims that "the 80/20 Rule has not been abolished and still exists as part of the subregulatory guidance issued by the DOL." *Id.* at PageID 296. However, as reflected in the subsequently revised Field Operations Handbook, the 80/20 Rule is no longer part of the DOL's subregulatory guidance.

10

non-tipped but directly supporting work for a continuous period of time that exceeds 30 minutes during a workweek."  Compl., ECF No. 1 at PageID 7-8 (¶ 29).  This theory (*i.e.*, the "30 Continuous Minutes Rule"), however, is rooted exclusively in the Vacated Final Rule, *see, e.g.,* Compl., ECF No. 1 at PageID 10-11 (¶¶ 39-40), and the 30 Continuous Minutes Rule is not contained within, nor is it supported by, either the applicable version of the dual jobs regulation or the current version of the DOL's Field Operations Handbook.  In fact, as the Fifth Circuit noted, the 30 Continuous Minutes Rule was new to the Vacated Final Rule and had "no analog in DOL's previous 80/20 guidance."  *Rest. L. Ctr.*, 120 F.4th at 168, n.1.  In other words, in the absence of the Vacated Final Rule, there is not even a fallback historical agency statement for Plaintiff to attempt to rely upon to support his 30 Continuous Minutes Rule theory.

Despite this, Plaintiff doubles down on this theory claiming that the December 20, 1985, DOL opinion letter demonstrates that the DOL has always taken the position that the tip credit cannot be claimed when a tipped employee spends a substantial and continuous period of time performing general preparation work.  This, however, is a drastic overstatement of the DOL's opinion letter.

In that opinion letter, the DOL considered the case of a single waitress who typically worked a five-hour shift but was required to perform "1.5 to 2 hours of preparatory time."  Rather than relying strictly on the amount of time spent on these tasks, the DOL considered multiple factors in determining whether the employer was entitled to take a tip credit for the time spent by a single waiter or waitress in opening responsibilities:

> In the situation you describe, **only one** waiter or waitress is assigned to perform **all** preparatory activities.  The opening waiter or waitress' responsibilities **extend to the entire restaurant** rather than to the specific area or customers which they serve.  Furthermore, the activities performed prior to the opening of the restaurant consume **a substantial portion of the waiter or waitress's workday**.  Although you have stated that a waiter or waitress may work an eight-hour shift, typically

11

they work a five-hour shift from 9 am to 2 p.m.  The 1.5 to 2 hours of preparatory time constitutes 30% to 40% of the employee's workday.

Opinion Letter Fair Labor Standards Act (FLSA), FLSA-854, 1985 WL 1259240, at *2 (Dec. 20, 1985) (emphasis added).[10]  Contrary to Plaintiff's assertion otherwise, the DOL's analysis did not turn exclusively on the amount of time (continuous or otherwise) that the single waitress spent performing these tasks.  Instead, the DOL looked at other factors in addition to the amount of time the employee performed certain duties, including how many individuals were assigned to this work as well as what areas were covered by these tasks, to decide whether the employer was entitled to a tip credit for the time spent in such duties.

The DOL's March 28, 1980 opinion letter further undermines Plaintiff's "continuous, prolonged period" argument.  Specifically, in that opinion letter, the DOL considered a situation where "the tipped employees clean the salad bar, place the condiment crocks in the cooler, clean and stock the waitress station, clean and reset the tables (including filling cheese, salt and pepper shakers) and vacuum the dining room carpet, after the restaurant closed."  Opinion Letter Fair Labor Standards Act (FLSA), WH-502, 1980 WL 141336, at *1 (Mar. 28, 1980).  Ultimately, the DOL concluded that:

> [i]nsofar as the after-hours clean-up you describe are assigned generally to the waitress/waiter staff, we believe that such duties constitute tipped employment within the meaning of the regulation.  We might have a different opinion if the facts indicated that specific employees were routinely assigned, for example, maintenance-type work such as floor vacuuming.

*Id.*  Consistent with the above, the performance of work outside of the presence of customers (*i.e.*, before the restaurant is opened or after the restaurant is closed) does not transform the tasks alleged by Plaintiff, *see* Compl., ECF No. 1 at PageID 8-9 (¶ 33) (identifying tasks as "stocking glasses;

---

[10] Within the same opinion letter, the DOL stated: "[i]t is our opinion that salad preparation activities are essentially the activities performed by chefs and no tip credit may be taken for time spent in preparing vegetables for the salad bar."  1985 WL 1259240 at *2.  Plaintiff has not alleged that he performed such activities.

stocking plates; stocking condiments; folding linens; brewing coffee and tea; polishing silverware, filling salt and shakers, grabbing ice and fruit for the bar, putting silverware on tables, and attending a 15-minute pre-shift meeting"), into the performance of a non-tipped occupation.

Accordingly, the Court should reject Plaintiff's argument and grant judgment on the pleadings for Defendant dismissing Plaintiff's claims to the extent they rely upon an alleged violation of a non-existent 30 Continuous Minutes Rule (or, as articulated in his Response, "a continuous, prolonged period").

> **C.      Plaintiff has not alleged facts supporting the performance of dual jobs, even under the non-binding and superseded case authority he cites to try to save his claim.**

Contrary to Plaintiff's assertion otherwise, Defendant is not claiming that *Restaurant Law Center* (or the DOL's subsequent administrative actions) permits Defendant to force waiters to cook in the kitchen or to work as janitors cleaning the bathrooms as long as they make $30 a month in tips.  Rather, Defendant argues that the details of what Plaintiff has alleged do not demonstrate the existence of two unrelated and separate occupations, especially under the reinstated version of the dual jobs regulation following *Restaurant Law Center*.

Plaintiff does not allege the performance of any unrelated and untipped duties to arguably support the performance of two separate occupations.  Here, Plaintiff alleges that he performed the following tasks:

> During the required pre-shift times, Plaintiff, other Opt-in Plaintiffs, and members of the State Law Class did not perform customer facing duties.  Instead, Defendant required Plaintiff, other Opt-In Plaintiffs, and members of the State Law Class to perform work that included, but was not limited to: stocking glasses; stocking plates; stocking condiments; folding linens; brewing coffee and tea; polishing silverware, filling salt and shakers, grabbing ice and fruit for the bar, putting silverware on tables, and attending a 15-minute pre-shift meeting.

13

Compl., ECF No. 1 at PageID 8-9 (¶ 33).  Absent from these allegations are the types of wholly unrelated activities that could somehow demonstrate the performance of a separate occupation (*i.e.,* an occupation separate and distinct from the tipped occupation).  Instead, these are activities consistent with the counter-example provided within the regulation, itself.  *See* 29 C.F.R. § 531.56(e) (contrasting an employee who serves as a maintenance man and a waiter with a situation where a waitress "spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses").

The activities alleged in the Complaint are also inconsistent with the type of activities performed in the cases cited by Plaintiff to support his argument that he performed dual jobs (or performed unrelated tasks).

First, with respect to *Rafferty v. Denny's, Inc.*, 13 F.4th 1166 (11th Cir. 2021), Plaintiff's parenthetical states: "finding that 'scrubbing walls; cleaning and scrubbing refrigerators, sink trays, and bins; and detail cleaning the expeditor line' are not part of a tipped occupation."  Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 306.  These are not the type of duties alleged here.  In fact, in *Rafferty*, the court contrasted related duties – similar to what is alleged here – with unrelated duties such as typical maintenance duties:

> [W]e note that through examples, the dual-jobs regulation provides some guidance concerning the types of nontipped duties that are part of the tipped occupation (related duties) and the kinds that are not (unrelated duties). So we know, for instance, that typical maintenance duties are not related to a server's duties. On the other hand, setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses are, even though they do not directly produce tips. But to avoid a prohibited construction of the regulation that embraces unrelated duties of the separate occupations of chef and dishwasher, respectively, we understand all of these illustrations of duties related to a server's occupation to have to do with single-step, easily executed food and drink preparations or readying serving items, such as silverware, plates, and dishes for customers' immediate use. Both categories of tasks directly support a server's serving duties.

14

> We therefore draw from this observation that the dividing line between related and unrelated duties falls where untipped duties no longer directly support tipped duties. This interpretation not only comports with the dual-jobs regulation's content, it is also consistent with the purpose of the dual-jobs regulation and the tipped-employee provision it pertains to: ensuring that employers take the tip credit for only those hours a tipped employee works in a tipped occupation, thereby avoiding circumvention of the minimum wage.

*Rafferty*, 13 F.4th at 1189-1190.

Second, with respect to *Driver v. AppleIllinois, LLC*, 739 F.3d 1073 (7th Cir. 2014), Plaintiff's parenthetical states: "explaining that when tipped employees perform 'non-tipped duties' that 'are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at the work." Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 306. Again, none of these tasks are alleged by Plaintiff here.

Third, with respect to *Harding v. Steak N Shake, Inc.*, No. 1:21-cv-1212, 2024 U.S. Dist. LEXIS 145232, 2024 WL 3833341 (N.D. Ohio Aug. 15, 2024), Plaintiff references the work being performed by servers as including "'polish stainless steel ***rails***,' 'sweep and mop,' and 'empty trash'". Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 307 (emphasis added). Again, tasks dissimilar from those alleged here. Further, in *Harding*, the court distinguished untipped duties that are related to the tipped occupation and untipped duties that are unrelated to the tipped occupation. *See Harding*, 2024 WL 3833341 at **11-14. For instance, in denying the plaintiffs' motion for summary judgment as to plaintiffs' claim relating to an improperly claimed tip credit for time servers performed tip-supporting work, the district court noted that "Plaintiffs' testimony fails to differentiate between time they spent performing unrelated work (like working the grill or cleaning bathrooms) and time spent performing tip-supporting work (like rolling silverware and cleaning up spills)." *Id.* at *14. The district court also noted that "[t]he parties

15

d[id] not dispute that Plaintiffs performed tip-supporting work like cleaning and setting tables, making tea and coffee, rolling and stocking silverware, stocking and refilling condiments, cleaning booths and the dining area, stocking paper supplies and drinks, mopping spills, and cleaning the dining area." *Id.* at *13. Here, Plaintiff has not, nor can he, allege the performance of the type of unrelated duties at issue in *Harding*.[11]

Interestingly, even the Vacated Final Rule classified the activities alleged by Plaintiff as "directly supporting work" rather than "[w]ork that is not part of the tipped occupation." *See* 29 C.F.R. §531.56(f)(3)(ii) (Dec. 28, 2021 to Dec. 16, 2024), *vacated* by *Rest. L. Ctr.*, 120 F.4th at 177 (the Vacated Final Rule provided, by way of example, that "[a] server's directly supporting work includes dining room prep work, such as refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables").

Plaintiff tries to overcome these factual deficiencies by pointing to conclusory allegations in his Complaint, especially conclusory allegations that quote the term "work that is not part of the tipped occupation." *See* Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 307 (quoting Compl., ECF No. 1 at PageID 7-9 (¶¶ 29, 32, 35)). This, however, does not establish a viable claim under the current dual jobs regulation. There are no separate factual allegations supporting these conclusory allegations. Further, these conclusory assertions are firmly rooted in the concepts and language of the Vacated Final Rule. For instance, the Vacated Final Rule defined, as a term, "[w]ork that is not part of the tipped occupation." *See* 29 C.F.R. 531.56(f)(5) (Dec. 28, 2021 to Dec. 16, 2024), *vacated* by *Rest. L. Ctr.*, 120 F.4th at 177. Interestingly, Plaintiff's

---

[11] As discussed above, *see supra* Section II(A) and *supra* note 8, *Harding*'s conclusion about the applicability of the 80/20 Rule to the dual jobs regulation is not binding on this court, and even if it was, the *Restaurant Law Center* decision and the DOL's response to that decision, including removing the 80/20 Rule from the Field Operations Handbook, demonstrates that the analysis and conclusion in that case have been undermined, if not, superseded.

16

Complaint is devoid of any factual allegations that would have constituted "[w]ork that is not part of the tipped occupation" even under the Vacated Final Rule. *See* 29 C.F.R. § 531.56(f)(5)(ii) (Dec. 28, 2021 to Dec. 16, 2024), *vacated* by *Rest. L. Ctr.*, 120 F.4th at 177 (the Vacated Final Rule provided, as an example, that "[p]reparing food, including salads, and cleaning the kitchen or bathrooms, is not part of the tipped occupation of a server"). Simply put, Plaintiff does not allege any facts demonstrating the performance of two unrelated and separate occupations supporting the performance of dual jobs in a traditional sense (or supporting the performance of unrelated tasks).

> ### D. Plaintiff's throwaway request to amend his Complaint is unsupported and should be denied.

In a throwaway paragraph at the end of his Response, Plaintiff makes a short, unsupported request to amend his Complaint, and he does so without providing a proposed amended complaint. *See* Pl.'s Response to Def.'s Mot. J. Pleadings, ECF No. 26 at PageID 308. Courts routinely reject requests when made in this manner. *See, e.g., Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (noting request to amend was "throwaway language" at the end of memorandum in opposition and stating: "[b]oth because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition"); *Roper v. City of Cincinnati*, No. 1:22-cv-652, 2023 WL 4466974, at **6-7 (S.D. Ohio July 11, 2023); *Grubbs v. Smith & Nephew, Inc.*, No. 1:19-cv-248, 2020 WL 5305542, at **6-7 (S.D. Ohio Sept. 4, 2020); *Moore v. Scott*, No. 1:18-cv-261, 2018 WL 6025572, at *3 (S.D. Ohio Nov. 16, 2018); *see also Richardson v. EAN Holdings, LLC*, No. 23-133-DLB-CJS, 2024 WL 4466605, at **4-5 (E.D. Ky. Oct. 10, 2024); *Al-Sharari v. U.S.*, No. 3:18CV1472, 2019 WL 2641748, at *6 (N.D. Ohio June 27, 2019).

17

Furthermore, as outlined above, it is unclear how Plaintiff would be able to amend his Complaint to state a claim making any such amendment futile.  As such, Defendant also asserts that Plaintiff's throwaway request to amend his Complaint should be denied as futile.  *See, e.g., SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) ("Although the rule encourages courts to give leave to amend 'when justice so requires,' courts need not give leave to amend when doing so would be futile.") (citations omitted); *see also Moore*, 2018 WL 6025572 at *3 (noting that requests for leave to amend can be denied when the proposed amendment would be futile and concluding that "[b]ecause Plaintiff has failed to identify any additional allegations or facts she would like to add to the complaint, the request for leave to amend is futile and is denied") (citations omitted).

## III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendant's Motion for Partial Judgment on the Pleadings and Supporting Memorandum, Defendant respectfully requests that judgment on the pleadings be granted in its favor thereby dismissing Plaintiff's Class Action and Collective Action Complaint to the extent the claims are based on Plaintiff's alleged performance of non-tipped duties.  Granting this motion would leave to be adjudicated only Plaintiff's minimum wage claims (Count One and Count Two) premised solely on his missed meal periods theory.

Respectfully submitted,


/s/ Richard A. Millisor
Richard A. Millisor (0062883)
James M. Patrick (0088026)
Jessi Ziska (0096750)
Fisher & Phillips LLP
200 Public Square, Suite 4000
Cleveland, OH 44114
Phone: (440) 838-8800
Fax: (440) 838-8805
rmillisor@fisherphillips.com
jpatrick@fisherphillips.com
jziska@fisherphillips.com


Teresa J. Hardymon (0096721)
Fisher & Phillips LLC
250 West Street, Suite 400
Columbus, OH 43215
Phone: (614) 221-1425
Fax: (614) 221-1409
thardymon@fisherphillips.com

Steven A. Siegel (Fla. Bar No. 497274)
(admitted pro hac vice)
Fisher & Phillips LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 847-4724
Facsimile: (954) 525-8739
ssiegel@fisherphillips.com

**Counsel for Defendant**
**Hard Rock Cafe International (STP), Inc.**

19

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 6, 2025, the foregoing *Defendant's Reply in Support of Its Motion for Partial Judgment on the Pleadings* was filed electronically via Court's Electronic Filing System. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Richard A. Millisor*
Richard A. Millisor (0062883)
Trial Counsel

20