**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| ZAC FRANCIS, *individually and on behalf of all others similarly situated*, | : | Case No. 1:23-cv-760 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| HARD ROCK CAFE INTERNATIONAL (STP), INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

This civil action is before the Court on the motion of Defendant Hard Rock Cafe International (STP), Inc. ("Defendant") for partial judgment on the pleadings (Doc. 23), the parties' responsive memoranda (Docs. 26, 28), and Plaintiff's Notice of Supplemental Authority (Doc. 29).

Plaintiff Zac Francis ("Plaintiff"), an Ohio resident, filed this civil putative collective and class action on behalf of himself and all others similarly situated, against Defendant, a New York corporation, alleging the following claims: violations of the Fair Labor Standards Act ("FLSA") minimum wage provisions (Count One); and violations of the Ohio Constitution's minimum wage provisions (Count Two).  (Doc. 1).

## I.  BACKGROUND

Defendant owns and operates casinos—including the Hard Rock Casino Cincinnati—as well as other related restaurants and bars in Ohio.  (Doc. 1 at ¶¶ 10, 11).

In or around January 2023, Defendant employed Plaintiff to work as a server at one of the Hard Rock Casino Cincinnati's restaurants. (*Id*. at ¶ 17). Plaintiff states that, as a nonexempt employee under the FLSA, he was entitled to be paid a minimum wage pursuant to federal and state law. (*Id*. at ¶¶ 17-20). However, Plaintiff alleges that Defendant regularly paid less than the federal and Ohio minimum wage rate (the "non-tipped duties" argument) and, on specific occasions, failed to pay any wages at all for time that employees were working (the "missed meal periods" argument).

As to non-tipped duties, Plaintiff claims that Defendant impermissibly paid servers "tip credit" wages while requiring employees to perform non-tip-producing work duties for substantial portions of their shifts. (*Id*. at ¶¶ 17, 29-30). For example, Plaintiff alleges that Defendant required servers to arrive at work at least one hour prior to the restaurant/bar opening—*i.e.*, while no customers were present and thus no tips could be earned—in order to stock plates and glasses, fold linens, set tables, polish silverware, stock condiments, get ice and fruit for the bar, and attend a 15-minute pre-shift meeting. (*Id*. at ¶¶ 31-33). Plaintiff asserts that Defendant took "tip credit" for this pre-opening labor, despite the fact that servers were "perform[ing] 'work that is not part of the tipped occupation,' as well as nontipped but 'directly supporting work' for a 'substantial amount of time,' as those terms are used in the FLSA, 29 C.F.R. § 531.56." (*Id*.)

And as to the missed meal periods argument, Plaintiff alleges that Defendant deducted/failed to pay wages during a thirty-minute "meal break," even though servers routinely did not receive or were unable to take that meal break. (*Id*. at ¶ 46).

2

Finally, Plaintiff alleges that Defendant "intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law" in depriving employees of their minimum wage.  (*Id*. at ¶¶ 43-44, 47-48, 50-57).  Accordingly, Plaintiff filed this civil action, on behalf of himself and others similarly situated, seeking compensatory damages in the amount of their unpaid wages, as well as automatic and liquidated damages under the FLSA and Ohio Constitution.  (*Id*. at 24).

Defendant moves to for partial judgment on the pleadings, specifically as it relates to Plaintiff's 'non-tipped duties theory,' arguing that Plaintiff's position is rooted in sections of 29 C.F.R. § 531.56, which sections the Fifth Circuit Court of Appeals has since vacated.  (Doc. 23 at 3) (citing *Rest. L. Ctr. v. U.S. Dep't of Labor*, 120 F.4th 163, 177 (5th Cir. 2024)).  Accordingly, Defendant argues that Plaintiff should be permitted to proceed on the 'missed meal periods theory' only.  (*Id*.)

## II.  STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id*. (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  That is, a court should grant a motion for judgment on the pleadings under Rule 12(c) only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."

3

*Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

To show grounds for relief, Federal Rule of Civil Procedure 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,' " and the case shall be dismissed. *Id*.

### III.  ANALYSIS

To engage in a meaningful analysis of Plaintiff's claim and Defendant's argument, the Court must first provide some context and the procedural history leading to the state of the tip credit rule currently in effect.

The FLSA requires covered employers to pay nonexempt employees a minimum wage, which wage is currently set at $7.25 per hour.  29 U.S.C. § 206(a)(1)(C).  In 1966, the FLSA amended the way in which employers could satisfy the minimum wage requirement as it related to "tipped employees," a term defined under the FLSA as "any employee engaged in an occupation in which [the employee] customarily and regularly receives more than $30 a month in tips."  *Tip Regulations Under the FLSA*, 89 Fed. Reg. 101884, 101885, (Dec. 17, 2024); 29 U.S.C. § 203(t).  Under this amended calculation, an employer may pay a "tipped employee" a reduced wage of $2.13 per hour and then claim a "tip credit" for the remaining $5.12 per hour, as long as various criteria are met, including, *inter alia*, that the employee's combined tip-credit wages plus actual earned tips satisfy the FLSA minimum wage to which the employee is entitled.  89 Fed. Reg. at 101885; 29 U.S.C. § 203(m)(2).

In 1967, the Department of Labor ("DOL") promulgated the tip-credit provision, along with the "dual jobs" provision, in order to clarify when the tip credit actually applied.  89 Fed. Reg. at 101885; 29 C.F.R. § 531.56(e).  Specifically, the DOL "realized that a common issue arose when an employee spent some time performing tip-producing work, and other time on non-tipped tasks."  *Thomas v. Morning Chef, LLC*, No. 2:23-CV-02719, 2025 WL 2721177, at *2 (S.D. Ohio Sept. 24, 2025).  Accordingly, under the dual

jobs provision, if an employee is employed in both a tipped and non-tipped occupation for the same employer—*e.g.*, where a hotel maintenance man also works as a waiter in the hotel restaurant—then the employee is a tipped employee (and thus, the tip credit can apply) only when the employee is engaged in the tipped occupation.  89 Fed. Reg. at 101885; 29 C.F.R. § 531.56(e).  However, the dual jobs provision expressly distinguished the performance of two separate occupations (*e.g.*, maintenance man and waiter) from circumstances where "tipped employees may perform 'related' duties that are not 'themselves … directed toward producing tips,'" such as "a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses."  89 Fed. Reg. at 101885; 29 C.F.R. § 531.56(e).  Thus, the tip credit still applied to the performance of "related duties" within a tipped occupation, even if those duties did not directly produce tips.  *Id*.

In 1988, the DOL issued guidance through the Field Operations Handbook ("FOH"), effectively reiterating the dual jobs provisions, but with an added caveat.  86 Fed. Reg. 60114, 60114 (Oct. 29, 2021).  Specifically, the 1988 FOH clarified that the tip credit can be taken for duties that are "incidental" and "generally assigned" to tipped employees; however, "where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties."  86 Fed. Reg. at 60114.  This became known as the 80/20 Rule and it remained in effect for three decades (with the exception of a very brief period from January to March 2009).  86 Fed. Reg. at 60117.

In 2018, the 80/20 Rule was briefly rescinded by way of an Opinion Letter, explaining that "[employers were no longer prohibited] from taking a tip credit for the time an employee performed related, non-tipped duties as long as those duties were performed contemporaneously with, or for a reasonable time immediately before or after, tipped duties." *Id*. (citing WHD Opinion Letter FLSA2018-27 (Nov. 8, 2018)).  Many District Courts, however, declined to defer to this 2018 guidance, noting that the vague and undefined terms created uncertainty, that it contradicted 29 C.F.R. § 531.56(e)'s language, and that it undermined the FLSA's goal of protecting and ensuring a fair minimum wage for employees.  86 Fed. Reg. at 60118 (collecting cases).

Nevertheless, the 2018 guidance was published as the 2020 Tip Rule and was set to revise the dual job provision under 29 C.F.R. § 531.56(e) as of March 2021.  *Id*.  This revision never came to pass, however.  *Id*.  Rather, the 2020 Tip Rule was withdrawn and re-proposed in what ultimately became the 2021 Final Rule, setting forth the dual job provision and the 80/20 Rule in even greater detail, as codified in 29 C.F.R. § 531.56(e) and (f) (2021).  86 Fed. Reg. at 60115.

In short, the 2021 Final Rule, as set forth in 29 C.F.R. § 531.56(f), explained that a tipped occupation, for which an employer may take the tip credit, is either: (1) tip-producing work; or (2) "work that directly supports the tip-producing work, if the directly supporting work is not performed for a substantial amount of time."  86 Fed. Reg. at 60115; 29 C.F.R. § 531.56(f).  The Regulations further specified that 'directly supporting' work is performed for a "substantial amount of time" if it: "(1) exceeds, in the aggregate, 20 percent of the employee's hours worked during the workweek [(*i.e.*, the

7

80/20 Rule)] or (2) is performed for a continuous period of time exceeding 30 minutes [(the "30-Minute Rule")]."  86 Fed. Reg. at 60115; 29 C.F.R. § 531.56(f)(4).  In short, the 2021 Final Rule reenforced the 80/20 Rule, while also adding an alternative 30 minute maximum.

However, on October 29, 2024, the Fifth Circuit Court of Appeals issued a decision, holding that the 2021 Final Rule "applies the tip credit in a manner inconsistent with the FLSA's text" and "is arbitrary and capricious because it draws a line for application of the tip credit based on impermissible considerations and contrary to the statutory scheme enacted by Congress."  *Rest. L. Ctr. v. United States Dep't of Lab*., 120 F.4th 163, 174, 177 (5th Cir. 2024).  Accordingly, the Fifth Circuit "vacated the [2021] Final Rule insofar as it modifies 29 C.F.R. § 531.56 as promulgated in 1967."  *Id*. at 177.

As a result of the Fifth Circuit's ruling, in December 2024, the DOL reverted 29 C.F.R. § 531.56 to the version that was in place on December 27, 2021, *i.e.*, prior to the effective date of the 2021 Final Rule, by removing subsection (f) and reinstating the language of subsection (e) to its pre-2021 Final Rule form.  89 Fed. Reg. 101885-101886; 29 C.F.R. § 531.56.

Based on the Fifth Circuit's ruling and 29 C.F.R. § 531.56's subsequent return to its pre-2021 state, Defendant moves for partial judgment on the pleadings as to Plaintiff's nontipped duties argument.  (Docs. 23, 29).  That is, Defendant argues that, based on the Fifth Circuit's vacatur of the 2021 Final Rule, "the prior regulation – which lacks the 80/20 rule and the 30 continuous minute rule, and which specifically allows waiters to engage in supporting work without losing their status as 'tipped employees' – is

reinstated, and the legal basis for Plaintiff's non-tipped duties theory has disappeared."

(Doc. 23 at 13). However, this Court can only agree with Defendant's argument in so far

as it relates to the 30-Minute Rule.

Specifically, the Fifth Circuit's ruling does effectively remove the 30-Minute

Rule, but it does not necessitate the same treatment of the 80/20 Rule. This is because

vacating the 2021 Final Rule merely returned the Regulation to its pre-December 2021

state. And while the 30-Minute Rule did not exist prior to December 2021, the dual job

provision and the 80/20 Rule did.

Indeed, as this Court noted, *supra*, the dual jobs provision was established in 1967;

and the 80/20 Rule has served as the DOL's guidance, with little interruption, since 1988.

Thus, this Court finds that, even absent the 2021 Final Rule, the DOL's 1988 FOH and

decades-long utilization of the 80/20 Rule remain persuasive authority.[1] Notably, this

finding "aligns with the Sixth Circuit's consistent view that the [DOL] Handbook is

'persuasive' because it has been 'the longstanding position of the [DOL].'" *Thomas*,

2025 WL 2721177, at *5 (citing *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 531-33 (6th Cir.

2017); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554 (6th Cir. 1999)). Additionally,

since the Fifth Circuit's decision, numerous other District Courts (including those in the

---

[1] *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (overruling *Chevron* deference but noting that "courts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes [as] [s]uch interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance'") (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also Thomas*, 2025 WL 2721177, at *4 ("Although the Supreme Court in *Loper Bright* did away with *Chevron* deference, the Supreme Court said nothing of *Auer* deference, and it specifically reaffirmed *Skidmore* deference") (citing *Loper Bright*, 603 U.S. at 394).

Sixth Circuit) have reached the same conclusion that this Court does today.  *See*, *e.g.*, *Claridge v. Burntwood Tavern Holdings, LLC*, No. 1:23-CV-02240, 2026 WL 570470, at *7 (N.D. Ohio Mar. 2, 2026); *Thomas*, 2025 WL 2721177, at *4-5; *Pender v. Flying S. Wings, Inc.*, No. 2:21-CV-04292, 2025 WL 2522943, at *10-11 (S.D. Ohio Sept. 2, 2025); *Hallman v. Flagship Rest. Grp., LLC*, 762 F. Supp. 3d 830, 842-43 (D. Neb. Jan. 15, 2025); *Green v. Perry's Rests. Ltd.*, 758 F. Supp. 3d 1312, 1317-20 (D. Colo. Dec. 5, 2024).

To be clear, the Court certainly acknowledges that 29 C.F.R. § 531.56(e), as it reads today, makes no reference to the 80/20 Rule.  But that was true prior to the 2021 Final Rule as well.  In other words, the 80/20 Rule has served as a persuasive means of interpreting the dual jobs provision for decades, even without being explicitly mentioned in the regulatory text.

The same cannot be said, however, of the 30-Minute Rule.  Indeed, the 30-Minute Rule was a product of the 2021 Final Rule and, thus, in stark contrast to the 80/20 Rule, the 30-Minute Rule lacks the DOL's longstanding application and reliance.  Accordingly, having reverted to the status quo as it existed in December 2021, the 30-Minute Rule ceases to carry over.  *See Claridge*, 2026 WL 570470, at *8; *Thomas*, 2025 WL 2721177, at *6.

10

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion for partial judgment on the pleadings (Doc. 23) is **GRANTED** to the extent that Plaintiff's claims rely on the 30-Minute Rule, but is **DENIED** in all other respects.[2]

**IT IS SO ORDERED.**

Date:  7/8/2026

Timothy S. Black
United States District Judge

---

[2] The pending motions for extension of time shall be **TERMINATED as moot**.  (Docs. 24, 27).